UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.* ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | Judge |
| ) | |
| DEUTSCHE TELEKOM AG, T-MOBILE US, ) | |
| INC., SOFTBANK GROUP CORPORATION, ) | |
| and SPRINT CORPORATION, ) | |
| ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## UNITED STATES' EXPLANATION OF CONSENT DECREE PROCEDURES

The United States submits this short memorandum summarizing the procedures regarding the Court's entry of the proposed Final Judgment. This Judgment would settle this case pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) (the "APPA"), which applies to civil antitrust cases brought and settled by the United States.

1. Today, the United States and Plaintiff States have filed a Complaint and, attached to this Explanation of Consent Decree Procedures, a proposed Final Judgment and a Stipulation and Order between the parties by which they have agreed that the Court may enter the proposed Final Judgment after the United States has complied with the APPA. Additionally, the Stipulation and Order requests that the Court add DISH Network Corporation as a Defendant for purposes of entering the Final Judgment.

1

2. The Stipulation and Order is a document that has been agreed to by the United States, the Defendants, and DISH. The United States, the Defendants and DISH ask that the Court sign this Order, which ensures that the Defendants preserve competition during the pendency of the proceedings required by the Tunney Act, *see* 15 U.S.C. § 16(b)-(h), by complying with the provisions of the proposed Final Judgment, maintaining the Prepaid Assets, Spectrum Assets, and Cell Site and Retail Assets to be divested, and ensuring that the Prepaid Assets will not be influenced by and that competitively sensitive information will be kept separate and apart from T-Mobile's, Sprint's, Deutsche Telekom's, and SoftBank's other operations.

3. The APPA requires that the United States publish the proposed Final Judgment and the Competitive Impact Statement in the *Federal Register* and cause to be published a summary of the terms of the proposed Final Judgment and the Competitive Impact Statement in certain newspapers at least sixty (60) days prior to entry of the proposed Final Judgment. Defendants T-Mobile and Sprint have agreed to arrange and bear the costs for the newspaper notices. The notice will inform members of the public that they may submit comments about the proposed Final Judgment to the United States Department of Justice, Antitrust Division, 15 U.S.C. § 16(b)-(c).

4. During the sixty-day period, the United States will consider, and at the close of that period respond to, any comments that it has received, and it will publish the comments and the United States' responses in the Federal Register.

5. After the expiration of the sixty-day period, the United States will file with the Court the comments and the United States' responses, and it may ask the Court to enter the proposed Final Judgment (unless the United States has decided to withdraw its

consent to entry of the Final Judgment, as permitted by Section IV.A of the Stipulation, *see* 15 U.S.C. § 16(d)).

6.    If the United States requests that the Court enter the proposed Final Judgment after compliance with the APPA, 15 U.S.C. § 16(e)-(f), then the Court may enter the Final Judgment without a hearing, provided that it concludes that the Final Judgment is in the public interest.

Dated: July 26, 2019

Respectfully submitted,

/s/   Frederick S. Young
Frederick S. Young
D.C. Bar No. 421285
Trial Attorney
U.S. Department of Justice
Antitrust Division
450 5th Street NW, Suite 7000
Washington, DC  20530
Tel: (202) 307-2869