**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA *et al.*, | |
| *Plaintiffs*, | Case No. 19-2232 (TJK) |
| v. | |
| DEUTSCHE TELEKOM AG, T-MOBILE US, INC., SOFTBANK GROUP CORP., and SPRINT CORPORATION, | Filed: July 26, 2019 |
| *Defendants*. | |

## STIPULATION AND ORDER

It is hereby stipulated and agreed by and between the undersigned parties, subject to approval and entry by the Court, that:

I.  DEFINITIONS

As used in this Stipulation and Order:

A.  "Assurance Wireless" means the prepaid wireless business conducted by Virgin Mobile under the Assurance Lifeline brand.

B.  "Cell Site" means any wireless communications towers, rooftops, water towers, or other wireless communications facilities owned or leased by T-Mobile or Sprint and the physical location and wireless equipment thereto.

C.  "Cell Site and Retail Assets" means all Cell Sites and Retail Locations that T-Mobile and Sprint Decommission within five (5) years of the divestiture of the Prepaid Assets.

D.  "Decommissioned" or "Decommissioning" means, with respect to a Cell Site,

1

when the Cell Site is no longer transmitting on T-Mobile's or Sprint's network.  With respect to

Retail Locations, Decommissioned or Decommissioning means when T-Mobile or Sprint cease

customer service operations.

      E.    "Deutsche Telekom" means Deutsche Telekom AG, a German corporation

headquartered in Bonn, Germany, that is the controlling shareholder of T-Mobile; its successors

and assigns; and its parents, subsidiaries, divisions, groups, affiliates, partnerships, and joint

ventures, and their directors, officers, managers, agents, and employees.

      F.    "DISH" means DISH Network Corporation, a Nevada corporation with its

headquarters in Englewood, Colorado; its successors and assigns; and its parents, subsidiaries,

divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers,

managers, agents, and employees.

      G.    "Divestiture Assets" means the Prepaid Assets, the Spectrum Assets, and the Cell

Site and Retail Assets.

      H.    "Prepaid Assets" means all tangible and intangible assets primarily used by the

Boost Mobile, Sprint-branded prepaid, and Virgin Mobile businesses today, including but not

limited to Boost and Virgin Mobile Retail Locations, licenses, personnel, facilities, data, and

intellectual property, as well as all relationships and/or contracts with prepaid customers served

by Sprint, Boost Mobile, and Virgin Mobile.  Prepaid Assets do not include the Assurance

Wireless business and the prepaid wireless customers of Shenandoah Telecommunications

Company and Swiftel Communications, Inc.

      I.    "Prepaid Assets Personnel" means all employees whose jobs currently focus on

the support of the Prepaid Assets, or whose jobs have previously focused on supporting the

Prepaid Assets at any time between January 1, 2016 and the date on which the Prepaid Assets are divested to DISH. Prepaid Assets Personnel shall include no fewer than 400 current employees of Sprint, which shall include employees involved in sales management, marketing management, distribution support, sales support, and finance.

J.      "Retail Locations" means any retail locations owned or operated by T-Mobile or Sprint and from which either T-Mobile or Sprint sells mobile wireless services under any of their affiliated brands, including Sprint, Boost Mobile, Virgin Mobile, T-Mobile, Metro by T-Mobile, and MetroPCS.

K.      "SoftBank" means SoftBank Group Corp., a Japanese corporation and controlling shareholder of Sprint; its successors and assigns; and its parents, subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

L.      "Spectrum Assets" means all of Sprint's 800 MHz spectrum holdings as listed and described in Attachment A to the proposed Final Judgment.

M.      "Sprint" means Defendant Sprint Corporation, a Delaware corporation with its headquarters in Overland Park, Kansas; its successors and assigns; and its subsidiaries, divisions, groups, affiliates (other than SoftBank), partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

N.      "T-Mobile" means Defendant T-Mobile US, Inc., a Delaware corporation with its headquarters in Bellevue, Washington; its successors and assigns; and its subsidiaries, divisions, groups, affiliates (other than Deutsche Telekom), partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

3

## II.   OBJECTIVES

A.      The proposed Final Judgment filed in this case is meant to ensure (i) T-Mobile's
and Sprint's prompt divestiture of the Prepaid Assets, and (ii) the ability of DISH to acquire the
Spectrum Assets and exercise its option to Cell Site and Retail Assets for the purpose of
establishing a viable competitor in the provision of retail mobile wireless service in order to
address the effects that the United States alleges would likely result from the merger of T-Mobile
and Sprint.  Under the proposed Final Judgment, DISH would acquire the Prepaid Assets and
Spectrum Assets from Sprint or T-Mobile and have the ability to exercise its option to acquire
the Cell Site and Retail Assets.

B.      The United States has determined, for the purposes of this settlement, that DISH
is an acceptable purchaser of the Divestiture Assets.  Unless the United States otherwise consents
in writing or DISH declines its option to purchase certain Decommissioned Cell Sites or
Decommissioned Retail Locations, the divestitures pursuant to the Final Judgment will include
the entire Divestiture Assets.  If approved by the Court, the proposed Final Judgment would
resolve the United States' claims in this antitrust lawsuit, which sought to enjoin the merger of
Sprint and T-Mobile.

C.      Central to the relief offered by the proposed Final Judgment is the requirement
that DISH undertake certain actions to effectuate the complete transfer of the Divestiture Assets
to achieve the competitive objectives of the proposed Final Judgment.  Among other actions,
DISH must: (i)  offer nationwide postpaid retail mobile wireless service to American consumers
within one (1) year of the closing of the sale of the Prepaid Assets; (ii) comply with network
build commitments; (iii) submit to the Department of Justice regular periodic updates on the

4

status of its network deployment; and (iv) implement strict firewall procedures to prevent the exchange of competitively sensitive information through the ongoing relationships between DISH and T-Mobile or Sprint necessitated by the divestitures.  This relief cannot be effectively accomplished without DISH's participation, and DISH has agreed to be bound as a party-defendant by the Final Judgment.  DISH shares an interest in the resolution of this litigation and shares common issues of law and fact with Sprint and T-Mobile such that joinder is proper under Rule 20(a) of the Federal Rules of Civil Procedure and under Section 15 of the Clayton Act, 15 U.S.C. § 25.  *See United States v. Bayer AG*, No. 1:18-cv-01241, Doc. No. 11 (D.D.C. May 29, 2018) (entering stipulation adding divestiture buyer as a defendant); *United States v. Pabst Brewing Co.*, 183 F. Supp. 220, 221 (E.D. Wis. 1960) (holding that "[i]n a proceeding under § 7 of the Clayton Act, the court has authority to grant relief not only against parties who are found to have violated that section, but also against other parties if such relief is necessary to eliminate the effects of an acquisition offensive to the statute"); *see also United States v. Phillips Petroleum Co.*, 367 F. Supp. 1226, 1261-62 (C.D. Cal. 1973) (denying dismissal to a defendant as a properly joined party "against whom relief may be granted").

      D.     This Stipulation and Order ensures that the relief afforded in the proposed Final Judgment will be effective by: (i) adding DISH as a Defendant in this action for purposes of settlement and for entry and enforcement of the proposed Final Judgment; (ii) ensuring, prior to the completion of all of the proposed divestitures, that the Divestiture Assets remain economically viable and ongoing business concerns; and (iii) ensuring that T-Mobile, Sprint, and DISH will be bound by the terms of the proposed Final Judgment during the settlement approval

process that will occur under the Antitrust Procedures and Penalties Act ("APPA"),

15 U.S.C. § 16(b)-(h).

### III.   JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over each of the

parties hereto with respect to this action.  The Complaint states a claim upon which relief may be

granted against T-Mobile, Sprint, Deutsche Telekom, and SoftBank under Section 7 of the

Clayton Act, as amended, 15 U.S.C. § 18.  Pursuant to Section V of this Stipulation and Order

filed simultaneously with the proposed Final Judgment, DISH has consented to this Court's

exercise of specific personal jurisdiction over it in this matter solely for the purposes of

settlement and for the entry and enforcement of the proposed Final Judgment.  Venue of this

action is proper in the United States District Court for the District of Columbia.  Defendants

waive service of summons of the Complaint.

### IV.   COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A.    The parties stipulate that a Final Judgment in the form attached hereto as

Exhibit A may be filed with and entered by the Court, upon the motion of any party or upon the

Court's own motion, at any time after compliance with the requirements of the APPA, and

without further notice to any party or other proceedings, provided that the United States has not

withdrawn its consent, which it may do at any time before the entry of the proposed Final

Judgment by serving notice thereof on T-Mobile and Sprint and by filing that notice with the

Court.  T-Mobile and Sprint agree to arrange, at their expense, publication as quickly as possible

of the newspaper notice required by the APPA, which shall be drafted by the United States in its

sole discretion.  The publication shall be arranged no later than three (3) business days after T-

6

Mobile and Sprint's receipt from the United States of the text of the notice and the identity of the newspapers within which the publication shall be made.  T-Mobile and Sprint shall promptly send to the United States (i) confirmation that publication of the newspaper notices has been arranged, and (ii) certifications of publication prepared by the newspapers within which the notices were published.

B.      Defendants shall abide by and comply with the provisions of the proposed Final Judgment pending the Judgment's entry by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment, and shall, from the date of the signing of this Stipulation by the parties, comply with all the terms and provisions of the proposed Final Judgment.  The United States shall have the full rights and enforcement powers in the proposed Final Judgment, including Sections XIV and XVIII, as though the same were in full force and effect as the Final order of the Court.

C.      T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall not consummate the transaction sought to be enjoined by the Complaint herein before the Court has signed this Stipulation and Order.

D.      This Stipulation and Order shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

E.      In the event (i) the United States has withdrawn its consent, as provided in Paragraph IV(A) above, or (ii) the proposed Final Judgment is not entered pursuant to this Stipulation and Order, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from

all further obligations under this Stipulation and Order, and the making of this Stipulation and Order shall be without prejudice to any party in this or any other proceeding.

      F.      Defendants represent that the divestitures and other relief ordered in the proposed Final Judgment can and will be completed, and that Defendants will not later raise any claim of mistake, hardship or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

## V.    JOINDER OF DISH AS A DEFENDANT

      It is hereby stipulated and agreed by and between Plaintiff and Defendants that, upon approval and entry by the Court, DISH be added as a Defendant in this action for purposes of settlement and for entry and enforcement of the proposed Final Judgment.

## VI.    PRESERVATION OF THE PREPAID ASSETS

      Until the divestitures of the Prepaid Assets required by the proposed Final Judgment have been accomplished:

      A.      T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall preserve, maintain, and, pursuant to Paragraph VI(I) below, operate the Prepaid Assets as independent, ongoing, economically viable competitive businesses.  Defendants shall not coordinate their production, marketing, or terms of sale of any products with those produced by or sold under any of the Prepaid Assets.

      B.      T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall take all steps necessary to ensure that (i) the Prepaid Assets will be maintained and operated as an ongoing, economically viable and active competitor in the retail mobile wireless service business; (ii) management of the Prepaid Assets will not be influenced by T-Mobile, Sprint, Deutsche Telekom, and SoftBank;

and (iii) competitively sensitive sales, marketing and pricing information, and decision-making concerning production, distribution, of sales of products by or under any of the Prepaid Assets will be kept separate and apart from T-Mobile's, Sprint's, Deutsche Telekom's, and SoftBank's other operations.

C.      T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall use all reasonable efforts to maintain and increase the sales and revenues of the products and services sold using the Prepaid Assets and shall maintain at 2018 levels or previously approved levels for 2019, whichever are higher, all promotional, advertising, sales, technical assistance, marketing, and merchandising support for the Prepaid Assets.  T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall also ensure that all plans and efforts to improve current products sold by Sprint using the Prepaid Assets are continued.

D.      T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall provide sufficient working capital and lines and sources of credit to continue to maintain the Prepaid Assets as economically viable and competitive, ongoing businesses, consistent with the requirements of Paragraph VI(A) and Paragraph VI(B) of this Stipulation and Order.

E.      T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall take all steps necessary to ensure that the Prepaid Assets are fully maintained in operable condition at no less than current capacity and sales, and shall maintain and adhere to normal repair and maintenance schedules for the Prepaid Assets.

F.      T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall not, except (i) as part of a divestiture approved by the United States in accordance with the terms of the proposed Final Judgment or (ii) in the ordinary course of business consistent with past practice (e.g., the

ordinary course sale of inventory), remove, sell, lease, assign, transfer, pledge, or otherwise dispose of any of the Prepaid Assets.

      G.     To the extent consistent with past practices, T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall maintain, in accordance with sound accounting principles, accurate, and complete financial ledgers, books, and records that report on a periodic basis, such as the last business day of every month, the assets, liabilities, expenses, revenues, and income of the Prepaid Assets.

      H.     Defendants shall take no action that would jeopardize, delay, or impede the sale of the Prepaid Assets.

      I.     The Prepaid Assets Personnel shall not be transferred or reassigned to other areas within the company except for transfer bids initiated by Prepaid Assets Personnel pursuant to Sprint's regular, established job posting policy.  T-Mobile and Sprint shall provide the United States with ten (10) business days' advance notice of such transfer.

      J.     Subject to the approval of the United States, T-Mobile and Sprint shall appoint a person or persons to oversee the Prepaid Assets, and who will be responsible for T-Mobile and Sprint's compliance with this Section.  This person or persons shall have complete managerial responsibility for the Prepaid Assets, subject to the provisions of the proposed Final Judgment, and shall make all business decisions relating to the operations of the Prepaid Assets, including all production, sale, pricing, and discounting decisions, independent of T-Mobile, Deutsche Telekom, Sprint, and SoftBank.  In the event any such person or persons is unable to perform his or her duties, T-Mobile and Sprint shall appoint, subject to the approval of the United States, a replacement within ten (10) business days.  Should T-Mobile and Sprint fail to appoint a

10

replacement acceptable to the United States within this time period, the United States shall appoint a replacement.

### VII.   PRESERVATION OF THE SPECTRUM ASSETS

Until the divestitures of the Spectrum Assets required by the proposed Final Judgment have been accomplished:

A.      T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall preserve, maintain, and continue to operate the Spectrum Assets.

B.      T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall not, except as part of a divestiture approved by the United States in accordance with the terms of the proposed Final Judgment, remove, sell, lease, assign, transfer, pledge, or otherwise dispose of any of the Spectrum Assets.

C.      Defendants shall take no action that would jeopardize, delay, or impede the transfer of the Spectrum Assets.

### VIII.   PRESERVATION OF THE CELL SITE AND RETAIL ASSETS

Until the divestitures of the Cell Site and Retail Assets required by the proposed Final Judgment have been accomplished:

A.      T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall preserve, maintain, and continue to operate the Cell Site and Retail Assets.

D.      T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall take all steps necessary to ensure that the Cell Site and Retail Assets are fully maintained in operable condition.

E.      T-Mobile, Sprint, Deutsche Telekom, and SoftBank shall not, except as part of a divestiture approved by the United States in accordance with the terms of the proposed Final

Judgment, remove, sell, lease, assign, transfer, pledge, or otherwise dispose of any of the Cell Site and Retail Assets.

G.      Defendants shall take no action that would jeopardize, delay, or impede the sale of the Cell Site and Retail Assets.

## IX.      DURATION OF OBLIGATIONS

A.      The obligations of Defendants under Section VI, VII, and VIII of this Stipulation and Order shall remain in effect until (i) consummation of the divestitures required by the proposed Final Judgment or (ii) until further order of the Court.  If the United States voluntarily dismisses the Complaint in this matter, Defendants are released from all further obligations under this Stipulation and Order.

B.      Notwithstanding anything herein to the contrary, SoftBank's obligations under Sections VI, VII, and VIII of this Stipulation and Order shall cease as of the completion of the merger of T-Mobile and Sprint, provided that, in no event shall SoftBank delay or impede Sprint, T-Mobile, or Deutsche Telekom from complying with their respective obligations under this Stipulation and Order.

Dated: 7/26/19

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA:

Frederick S. Young
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7000
Washington, DC 20530
Tel.:   (202) 514-5621
Fax:  (202) 514-6381
Email:  Federick.Young@usdoj.gov

FOR DEFENDANT
T-MOBILE / DEUTSCHE TELEKOM:

Mark W. Nelson (D.C. Bar #442461)
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
Tel.:   (202) 974-1622
Fax:  (202) 974-1999
Email:  mnelson@cgsh.com

FOR DEFENDANT SOFTBANK:

David L. Meyer (D.C. Bar #414420)
Morrison & Foerster LLP
2000 Pennsylvania Avenue NW, Suite 6000
Washington, DC 20006-1888
Tel.:  (202) 887-1888
Fax:  (202) 887-0763
Email:  dmeyer@mofo.com

FOR DEFENDANT SPRINT:

Steven C. Sunshine (D.C. Bar #450078)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005
Tel.:  (202) 371-7860
Fax:  (202) 661-0560
Email:  steve.sunshine@skadden.com

13

FOR DEFENDANT DISH:

Steven L. Holley (*Pro Hac Vice* Pending)
Bradley P. Smith (D.C. Bar #468060)
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Tel.: (212) 558-4000
Fax: (212) 558-3588
Email: holleys@sullcrom.com;
       smithbr@sullcrom.com

Pantelis Michalopoulos (D.C. Bar #453179)
Andrew Golodny
(D.C. Bar #998151, *Pro Hac Vice* Pending)
Steptoe & Johnson LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-6494
Fax: (202) 429-3902
Email: pmichalopoulos@steptoe.com;
       agolodny@steptoe.com

## ORDER

IT IS SO ORDERED by the Court, this __29ᵗʰ__ day of __July_____, 2019.

_____

United States District Judge

15