# **EXHIBIT A**

Case 1:19-cv-02232-TJK Document 34-201 Filed 10/09/19 Page 2 of 8
Case 1:19-cv-05434-VM-RWL Document 201 Filed 08/20/19 Page 1 of 7
Case 1:19-cv-05434-VM-RWL Document 200 Filed 08/19/19 Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

STATE OF NEW YORK, et al.,

                Plaintiffs,

v.

DEUTSCHE TELEKOM AG, et al.,

                Defendants.

------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/19
```

Case No. 1:19-cv-05434-VM

JOINT [PROPOSED]
CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

This Scheduling Order and Case Management Plan is adopted in accordance with Fed. R. Civ. P. 16 and 26(f).

    **1.**    This case is not to be tried to a jury.

    **2.**    Defendants have accepted service of the Complaint and Amended Complaint and have waived service of a summons.

    **3.**    Responsive Pleadings: Defendants have answered the Amended Complaint. If a dispositive motion is filed, Plaintiffs may seek a continuance of the trial date and a corresponding modification of the schedule.

    **4.**    Defendants agree not to consummate or otherwise complete the challenged transaction until 12:01 A.M. PT on the sixth day following the entry of a final and appealable judgment, and only if the Court enters judgment in favor of Defendants or otherwise permits consummation of the challenged transaction.

    **5.**    Joinder: Additional Plaintiffs may be joined without leave of the Court within 7 days of entry of this Order, but only if all parties agree. If the parties do not agree, joinder may be accomplished by leave of the Court.

Case 1:19-cv-02232-TJK Document 34-201 Filed 10/09/19 Page 3 of 8
Case 1:19-cv-05434-VM-RWL Document 201 Filed 08/20/19 Page 3 of 7
Case 1:19-cv-05434-VM-RWL Document 200 Filed 08/19/19 Page 2 of 7

6. Amended Pleadings: The Complaint may be amended without leave of the Court within 7 days of entry of this Order, but only if all parties agree. If the parties do not agree, amendment may be accomplished by leave of the Court.

7. The parties agree to forego Fed. R. Civ. P. 26(a)(1) initial disclosures.

8. Discovery: All fact discovery is to be completed by October 11, 2019, except that depositions of witnesses not disclosed on the parties' preliminary witness lists but included on the parties' final witness lists must be completed by November 8, 2019, and the parties may agree in writing to take specific depositions after October 11, 2019.

    A. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. Interim deadlines may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

    B. Initial requests for production of documents were served by all sides on June 24, 2019. The parties agree to meet and confer within 4 days of the service of any request and to respond in writing to requests for production within 7 days of service of each request. Where there is an agreement among the parties to produce responsive documents to a particular request for the production of documents, the parties agree to engage in prompt rolling productions and to substantially complete all document productions within 30 days of such agreement. The parties agree to expeditiously present any disputes to the Court.

    C. Regarding interrogatories, the parties agree to adhere to the substantive limits in LCR 33.3(a) throughout discovery. Each side is limited to a maximum of 10 interrogatories, counting subparts. Responses to interrogatories shall be made within 14 days of the service of such interrogatories.

D. Depositions: Each side may take 140 hours of fact depositions. Each side may also take depositions of all individuals on the other side's trial witness lists and expert witness lists, which shall not count against the 140-hour limit. Unless otherwise agreed, or for good cause shown, all fact witness depositions are subject to a seven-hour limit.

    i. No later than 7 business days before a scheduled deposition of any fact witness currently employed by a party, or represented by counsel for a party, that party shall indicate whether it will agree to bring that witness to the trial to be held by this Court (barring unforeseen personal circumstances that arise regarding such witness that prevent the witness from attending the trial). The noticing party shall retain its rights, if any, to require attendance by the witness at the trial to be held by this Court; and the defending party shall retain its rights, if any, to produce the witness at trial in response to unforeseen circumstances such as the unavailability of another witness who was expected to testify at trial or the noticing party's introduction into the case of new issues. If the defending party indicates that the witness will not be brought to trial, the noticing party shall have the option to postpone the deposition to a mutually agreeable date. If the defending party agrees to bring the witness to trial, but, after the deposition of the witness, unforeseen personal circumstances arise that prevent the witness from attending the trial, all parties shall reserve their rights to move the Court, or oppose such motion, for permission to take a second deposition of the witness before trial with appropriate limitations.

E. Non-party depositions may occur concurrently with party depositions; depositions of all parties shall proceed at the same time.

F. Location of Depositions: The parties will work together regarding the location of party depositions on a case-by-case basis, in accordance with the ruling of Magistrate Judge Lehrburger at the August 1, 2019 conference (see Tr. at 21:11-28:5).

G. Rule 45 subpoenas will be served <u>by September 20, 2019</u>, except those related to a witness on a party's final witness list, but not previously disclosed, may be served until <u>October 7, 2019</u>.

H. The parties shall not serve Requests for Admission unless required to resolve differences relating to authenticity and admissibility of evidence. All responses will be due within 21 days of the service of such requests. The parties reserve all rights to object to any Request for Admission on any ground. All documents produced by a Defendant are presumed authentic for purposes of Federal Rule of Evidence 901 if the document was created by or on behalf of the Defendant.

9. Experts: All expert discovery including parties' expert reports, disclosures, depositions, witness lists and identification of documents pursuant to Fed. R. Civ. P. 26(a)(2), (3) and 35(b) is to be completed by <u>November 22, 2019</u>. All expert reports and disclosures may be transmitted by electronic means.

A. Each side shall identify all experts that it expects to call, along with a brief statement of the subject matter on which the expert will testify, by <u>July 15, 2019</u>. Each side shall identify all experts that it expects to call in rebuttal, along with a brief statement of the subject matter on which the expert will testify, by <u>July 30, 2019</u>. Plaintiff States reserve the right to present expert testimony regarding the settlement announced on July 26, 2019, between Defendants, DISH Network, the United States Department of Justice, and any subsequent related orders of the Federal Communications Commission, by way of expert witnesses that Plaintiff States have previously disclosed or by identification of additional expert witnesses. Each side shall disclose any additional expert witnesses (or previously-disclosed experts) to opine on such topics no later than September 3, 2019. Each side shall disclose any additional expert witnesses

Case 1:19-cv-02232-TJK Document 34-201 Filed 10/09/19 Page 6 of 8
Case 1:19-cv-05434-VM-RWL Document 201 Filed 08/20/19 Page 6 of 7
Case 1:19-cv-05434-VM-RWL Document 200 Filed 08/19/19 Page 5 of 7

(or previously-disclosed experts) to offer rebuttal testimony on such topics no later than September 10, 2019.

> B. Expert Reports:
>
> i. Opening expert reports and disclosures shall be exchanged by 5:00 P.M. EDT on September 11, 2019. The parties shall deliver to one another their expert rebuttal reports and disclosures by 5:00 PM EDT on October 14, 2019. The parties shall deliver to one another their expert reply reports and disclosures by 5:00 PM EDT on November 4, 2019. The parties shall disclose the following materials within 48 hours of exchange of all expert reports and disclosures (including rebuttal and reply reports and disclosures): (i) Copies of any materials relied on by the testifying expert that were not previously produced and are not available publicly; and (ii) for any calculations appearing in the report or disclosure, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial data files, and any intermediate files.
>
> ii. Defendants' expert reports or disclosures on the effect of the transaction and its implementation on costs and network capacity and performance, efficiencies, failing firm, the financial condition of Sprint, and "weakened competitor" or "flailing firm" shall be included in initial reports and disclosures served by Defendants on September 11, 2019. Nothing in this subsection precludes Defendants from submitting expert testimony on these issues in rebuttal or reply reports and disclosures to the

extent such testimony rebuts or replies to Plaintiffs' expert reports and disclosures.

iii. The parties understand and agree that each side may have any expert previously designated on a topic submit a reply report or disclosure that addresses issues raised in the other side's rebuttal reports or disclosures regarding that topic, even if that expert had not previously submitted an opening report or disclosure on that topic.

10. Trial

    A. Trial Date: December 9, 2019.

    B. Witnesses: The parties shall exchange preliminary trial witness lists by July 3, 2019. The parties shall exchange final witness lists no later than September 30, 2019.

    C. The parties commit to a two-week trial with time equitably divided, Defendants reserve the right to seek a third week of trial once Plaintiffs disclose their final witness list and Plaintiffs agree not to oppose such a request provided that any additional trial time is equitably divided.

11. The parties shall submit a Joint Pretrial Order containing the information required in Parts I.A.1, I.A.2, and I.A.4 of the Court's Trial Procedures by November 26, 2019.

12. Final Pre-Trial Conference: December 6, 2019 at 4:00 p.m.

13. Post-Trial Briefing: The parties agree that post-trial briefing shall be submitted on a schedule to be set by the Court in consultation with the parties at the final pre-trial conference.

14. Following the completion of all discovery, all counsel must meet for at least one hour to discuss settlement, such conference to be held by not later than December 6, 2019.

15. The parties do not consent to a trial by Magistrate Judge under 28 U.S.C. § 636(c).

**SO ORDERED:**

Dated: __8/20__, 2019
New York, New York

_____
Hon. Robert W. Lehrburger, U.S.M.J.