# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEUTSCHE TELEKOM AG, *et al.*, <br><br> *Defendants.* | No. 1:19-cv-02232-TJK |

## JOINT RESPONSE OF DEFENDANTS DEUTSCHE TELEKOM AG, T-MOBILE US, INC., SOFTBANK GROUP CORP., AND SPRINT CORPORATION IN OPPOSITION TO STATES' BRIEF AS AMICI CURIAE

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 3

   I.    The Opposition States Seek Delay to Avoid a Public Interest Finding ........................... 3

   II.   The Opposition States Fail to Identify Any Prejudice to Themselves ............................ 5

   III.  This Court Should Reject the Opposition States' Effort to Manipulate This Proceeding for Strategic Advantage ................................................................................................ 6

CONCLUSION ....................................................................................................................... 6

**INTRODUCTION**

Following one of the longest and most thorough merger investigations in our nation's history, the United States Department of Justice's ("DOJ") Antitrust Division determined that the merger between T-Mobile and Sprint (the "Merger"), coupled with certain remedies that include a divestiture to DISH Network Corporation ("DISH"), will "expand[] output significantly by ensuring that large amounts of currently unused or underused [wireless] spectrum are made available to American consumers in the form of high quality 5G networks."[1]  The Chairman of the Federal Communications Commission ("FCC") commented in August that "the merger will promote robust competition in mobile broadband, put critical mid-band spectrum to use, and bring new competition to the fixed broadband market."[2]

On July 26, 2019, DOJ filed in this Court a Stipulation and Order and Proposed Final Judgment, joined by the states of Kansas, Nebraska, Ohio, Oklahoma, and South Dakota (the "Settlement").  Louisiana and Florida have since joined the Settlement, and Colorado has stated its intention to do so.[3]  Now that the comment period under the Antitrust Procedures and Penalties Act ("Tunney Act") has closed, and following the DOJ's forthcoming response to comments and submission of its final motion for entry of judgment, this Court will make its own public interest determination as Congress has directed.

---

[1]     Press Release, U.S. Dep't of Justice, *Justice Department Settles with T-Mobile and Sprint in Their Proposed Merger by Requiring a Package of Divestitures to Dish* (July 26, 2019), https://www.justice.gov/opa/pr/justice-department-settles-t-mobile-and-sprint-their-proposed-merger-requiring-package.

[2]     Press Release, Fed. Commc'ns Comm'n, *Chairman Pai Formally Recommends Approval of T-Mobile/Sprint Merger* (Aug. 14, 2019), https://www.fcc.gov/document/chairman-pai-recommends-approving-t-mobilesprint-merger.

[3]     *See* Letter from Devin Laiho, Colo. Attorney Gen.'s Office, to Hon. Victor Marrero (Oct. 21, 2019), S.D.N.Y. Litigation (ECF 226) ("Colorado's Office of the Attorney General will join as a plaintiff in the litigation filed by the U.S. Department of Justice in the U.S. District Court for the District of Colombia . . . and will also join the settlement reached in that action.").

In June, another group of states (the "Opposition States") filed a separate action seeking to enjoin the Merger in the Southern District of New York. That action is now set for trial on December 9, 2019. *State of New York v. Deutsche Telekom AG*, No. 1:19-cv-05434-VM-RWL (S.D.N.Y. filed June 11, 2019) (the "S.D.N.Y. Litigation"). The Opposition States have already secured a two-month delay of the S.D.N.Y. Litigation for the stated purpose of evaluating the terms of the Settlement. Nevertheless, on October 9, the State of New York, purportedly on behalf of all still-litigating Opposition States, made the extraordinary request that this Court delay its public interest review until after the resolution of the S.D.N.Y. Litigation, effectively requesting a stay.[4] Purporting to appear as amici curiae, the Opposition States really seek from this Court a tactical advantage in another lawsuit in another forum.

The Court should reject the Opposition States' eleventh-hour attempt to delay public interest review of the Settlement. Delay would only harm consumers, the parties, and DISH, which has no forum other than this Court to address its interests. Delay provides this Court with no additional information necessary to discharge its statutory mandate under the Tunney Act. And the Opposition States' purported interest in judicial economy self-servingly depends entirely on *their success* in enjoining the Merger and mooting these proceedings. If they fail to do so, they would undoubtedly burden this Court's time and resources to re-litigate their claims here.

The Opposition States' real goal is to avoid a finding by this Court that the Settlement is in the public interest because such a finding could be relevant in the S.D.N.Y. Litigation. This Court's public interest determination would in fact provide clarity around the Defendants' legal

---

[4] Two of those States, Mississippi and Colorado, recently withdrew from the S.D.N.Y. Litigation action after recognizing the benefits of the Merger. *See* Letter from Crystal Utley Secoy, Miss. Attorney Gen.'s Office, to Hon. Victor Marrero (Oct. 9, 2019), S.D.N.Y. Litigation (ECF 223); Letter from Devin Laiho, Colo. Attorney Gen.'s Office, to Hon. Victor Marrero (Oct. 21, 2019), S.D.N.Y. Litigation (ECF 226).

obligations. This clarity would be helpful to Judge Marrero in assessing the Merger in the S.D.N.Y. Litigation. Nor can the Opposition States establish any prejudice to themselves. What they really want from this Court is a second chance to challenge the Settlement when they lose at trial.

## ARGUMENT

### I. The Opposition States Seek Delay to Avoid a Public Interest Finding

The Tunney Act procedures have been followed, the matter will soon be ripe for this Court's review, and, as the Proposed Final Judgment recognizes, the public and the parties would benefit from final entry of the judgment after a protracted investigative process by two federal agencies. The public interest benefits of the Merger and Settlement have been emphasized by both the DOJ and the FCC, following each expert agency's independent review. The DOJ's Competitive Impact Statement filed with this Court on July 30, 2019 recognized that "the proposed Final Judgment would allow the potential benefits of the merger to be realized, including expanding American consumers' access to high quality networks." ECF 20 at 3.

The DOJ arrived at its conclusion after reviewing more than 4.3 million documents totaling nearly 30 million pages, over 400 pages of white papers submitted by Defendants and their economists, and over 180 hours of deposition testimony. The Opposition States' argument that this Court would benefit from the record after trial disingenuously glosses over this extensive investigative record. The Opposition States were fully read into the investigation; they received all of those documents and submissions as they were produced and attended all of the DOJ's depositions. Still, they are unable to articulate with any specificity what more, if anything, this Court will later need to review.

Similarly, FCC Chairman Ajit Pai characterized his agency's investigation as "one of the most exhaustive merger reviews in Commission history," before going on to find that "the

evidence conclusively demonstrates that this transaction will bring fast 5G wireless service to many more Americans and help close the digital divide in rural areas."[5] The FCC formally approved the Merger on October 16, 2019. Given the fast-paced nature of competition in the wireless marketplace and the pace of innovation on next-generation networks, it is essential to provide the public benefits recognized by the DOJ and FCC to consumers as quickly as possible.

The Opposition States represented in the S.D.N.Y. Litigation that they needed to "understand the precise contours of . . . remedies and any related agreements implementing them in order to address their competitive implications, if any." Letter from Glenn D. Pomerantz, Munger, Tolles & Olson LLP, to Hon. Robert W. Lehrburger at 3 (July 15, 2019), S.D.N.Y. Litigation (ECF 115). They asserted that the Settlement "affect[s] the[ir] competition analysis," and expressed their need to understand the terms of the Settlement as a predicate to litigating their case. Hr'g Tr. at 37:16–22 (Aug. 1, 2019), S.D.N.Y. Litigation (ECF 167). In response, the court in the S.D.N.Y. Litigation agreed to delay the originally scheduled trial date by two months and granted the Opposition States' request to conduct additional discovery on the Settlement. *Id.* at 80–81. Underlying the Opposition States' prior representations is the assumption that the Settlement would be final and will take effect as part of the Merger.

Having secured delay in the S.D.N.Y. Litigation, the Opposition States turn to this Court for more delay. Instead of approving the Settlement under the well-established Tunney Act review protocols, the Opposition States want this Court to leave it open. The States go so far as to argue that finalizing the Settlement "could *interfere* with Judge Marrero's consideration of the [Opposition] States' claims." State's Br. at 7 (emphasis added). This betrays the Opposition

---

[5]   Press Release, Fed. Commc'ns Comm'n, *Chairman Pai Formally Recommends Approval of T-Mobile/Sprint Merger* (Aug. 14, 2019), https://www.fcc.gov/document/chairman-pai-recommends-approving-t-mobilesprint-merger.

States' true motive: delay for the sake of delay with the prospect of another bite at the apple when they lose. The court presiding over the S.D.N.Y. Litigation would, of course, benefit from knowing the final terms of the Settlement in assessing its effects on the merits of the Merger, just as the Opposition States said a few months ago.

## II. The Opposition States Fail to Identify Any Prejudice to Themselves

The Opposition States say they are seeking a "resequencing" in the Court's resolution of the Tunney Act proceedings, but in effect they are seeking a stay of this proceeding in favor of another litigation pending elsewhere. The Opposition States cite no legal authority to support the notion that an amicus curiae can properly seek a stay of proceedings. The only authorities they cite are cases where courts granted stays requested *by the parties*, not by amici. *See* States' Br. at 5 (citing *Companion Life Ins. Co. v. Matthews,* 547 F. Supp. 836 (S.D.N.Y. 1982) (stay granted pursuant to request by plaintiffs); *Puritan Sportswear Corp. v. Puritan Fashions Corp.,* 232 F. Supp. 550 (S.D.N.Y. 1964) (same)). The Opposition States are not parties here, and no party to this proceeding is seeking delay.

In any event, the Opposition States' request for a stay must be denied because they have identified no prejudice they would suffer from this Court's resolution of its public interest determination consistent with the Tunney Act protocols. That omission is fatal to their request, for "[a] party requesting a stay of proceedings must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Wrenn v. D.C.*, 179 F. Supp. 3d 135, 139-40 (D.D.C. 2016) (quotation omitted). The "prejudice" that the Opposition States fear can only be that this Court will bring certainty to the Settlement, which could have negative implications for their trial strategy in the S.D.N.Y. Litigation.

5

### III. This Court Should Reject the Opposition States' Effort to Manipulate This Proceeding for Strategic Advantage

Following the DOJ's submission of its final motion for entry of judgment, this Court will have an ample record on which to conduct the public interest review mandated by the Tunney Act. The Opposition States have identified no inadequacies in either the process that has been followed, in which the Opposition States apparently chose not to submit comments, or the record on which this Court will base its public interest determination. *See* States' Br. at 7 (characterizing the factual record before this Court as "comparatively narrow"). Moreover, the Opposition States' argument about judicial efficiency disappears if the S.D.N.Y. court declines to enjoin the Merger. The Opposition States undoubtedly would in that case seek a second chance in this Court.

The Opposition States' request is an improper attempt to delay that would serve only to preserve the possibility of a "do-over" if they fail to enjoin the Merger. This Court should not countenance such gamesmanship.

### **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that this Court proceed with its review under the statutory guidelines without delay.

Dated: October 23, 2019
       Washington, DC

Respectfully submitted,

*/s/ Mark W. Nelson*
Mark W. Nelson (DC 442461)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone:  (202) 974-1500
Fax:  (202) 974-1999
mnelson@cgsh.com

*Counsel for Defendants Deutsche Telekom AG and T-Mobile US, Inc.*

7