UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>DEUTSCHE TELEKOM AG, *et al.*,<br><br>　　　　Defendants. | 1:19-cv-02232-TJK |

**DEFENDANT DISH NETWORK CORPORATION'S RESPONSE IN OPPOSITION TO REQUEST FOR A STAY BY NONPARTY AMICI CURIAE**

The request by the Amici Curiae States (the "States") to delay this Court's review of the Department of Justice's Stipulation and Order and Proposed Final Judgment (the "Settlement") in the above-captioned proceeding should be denied.[1]  As an initial matter, the States are not a party to the proceeding and have filed what amounts to an improper motion for stay.  No party has requested such delay, nor would it promote judicial economy.  Instead, it would prejudice the actual parties, such as DISH Network Corporation ("DISH"), by needlessly delaying this Court's review of the Settlement, preventing them from advocating their rights in this proceeding, and imperiling the business transactions contemplated by that Settlement.  The request by the States should be denied.

**I.    Legal Standard**

Despite the broad discretion afforded to this Court in granting a stay, it is well established that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a

---

[1] DISH also incorporates the arguments in the opposition brief filed by the other Defendants today.

1

litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).  "On a motion for stay, it is the movant's obligation to justify the court's exercise of such an extraordinary remedy." *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985).  If there is "even a fair possibility" that a stay would adversely affect another party, the movant for the stay must demonstrate a "clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.  Moreover, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Indiana State Police Pension Trust v. Chrysler LLC*, 129 S.Ct. 2275, 2276 (2009).

II.     Arguments

   A.  DISH Will Be Prejudiced By A Stay Of This Proceeding.

The States make clear that their goal is to force DISH and the Plaintiffs in this proceeding to "stand aside" while they "settle[] the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.  This sort of gamesmanship is disfavored.  *See id.*; *see also United States v. Honeywell Int'l, Inc.,* 20 F. Supp. 3d 129, 132 (D.D.C. 2013) (denying stay).

A stay in favor of the private antitrust action the States are pursuing in New York (the "Merger Litigation") is particularly inappropriate here because DISH is not a party to that proceeding and thus does not have any avenue in that proceeding to defend its rights.  Ordinarily, a stay in favor of another proceeding is not appropriate unless the other proceeding is "between the **same parties** on the same causes of action." *Washington Metro. Area Transit Auth. v. Ragonese,* 617 F.2d 828, 830 (D.C. Cir. 1980) (emphasis added).  Neither DISH nor any of the Plaintiffs in this proceeding are parties to the Merger Litigation.

Furthermore, DISH has committed to the FCC that it will meet a series of milestones for building out its nationwide 5G network on an aggressive schedule.  DISH is already working

hard to meet these milestones. If this Court's public interest determination is delayed pending the outcome of the Merger Litigation, it will create an extended period of legal uncertainty, which could hamper DISH's ability to move forward with the contractual and financial arrangements with third parties that are necessary for continued progress towards its milestones. Additionally, unnecessary delay could affect the benefits and protections afforded to DISH by the Settlement. For example, DISH's opportunity to provision customers on T-Mobile's network is contingent on entry of final judgment by this Court, which would be delayed by a stay. In the meantime, the two-year non-solicitation period for personnel who are hired by DISH to support its 5G network is running from the date the complaint was filed in this action, meaning that each day of delay shortens the period of protection for DISH. These risks of delay can and should be avoided by proceeding with the public interest determination.

Unlike DISH, the States have not identified any hardship they will suffer if this case proceeds. "[A] party requesting a stay of proceedings must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Wrenn v. D.C.*, 179 F. Supp. 3d 135, 139-40 (D.D.C. 2016) (quotation omitted). The States point to no such hardship, nor is there any.

### B. Judicial Economy Does Not Warrant A Stay.

The crux of the States' argument is that judicial economy may be served if this Court is not required to make the public interest determination. Amici Br. at 5. But in making this argument, the States reveal that they fully intend to re-litigate in this Court if they lose in the Merger Litigation. For example, the States contend that if they lose, "this Court will have the full opportunity to evaluate the merits of the proposed Settlement, with the benefit of all the evidence and testimony developed in the Merger Litigation." *Id.* In other words, the States

contend that a victory for them in the Merger Litigation will preempt the need for a public interest determination by this Court, but a loss will not lead to the same result.

The States should not be permitted to engage in a ploy designed to secure two bites at the proverbial apple. Their argument has nothing to do with judicial economy, nor do they identify any precedent where delay of the public interest determination in favor of a private challenge to a merger in another forum has been found to promote judicial economy.

### III. Conclusion

For all the foregoing reasons, DISH respectfully requests that the Court decline to stay these proceedings.

Date: October 23, 2019               By:    /s/ Jared R. Butcher

STEPTOE & JOHNSON LLP

Pantelis Michalopoulos
Jared R. Butcher
Andrew M. Golodny
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.  (202) 429-3900
Fax  (202) 429-3902
pmichalopoulos@steptoe.com
jbutcher@steptoe.com
agolodny@steptoe.com

SULLIVAN & CROMWELL LLP

Steven L. Holley
Bradley P. Smith
125 Broad Street
New York, NY 10004
Tel.  (212) 558-1660
Fax  (212) 291-9623
holleys@sullcrom.com
smithbr@sullcrom.com

*Attorneys for DISH Network Corporation*

## CERTIFICATE OF SERVICE

I certify that on October 23, 2019, I filed the foregoing via the Court's ECF filing system, which will cause a copy to be served on all counsel who have appeared in this matter.

*/s/ Jared R. Butcher*

Jared R. Butcher