UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEUTSCHE TELEKOM AG, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:19-cv-02232-TJK |

**UNOPPOSED MOTION OF THE UNITED STATES
TO EXCUSE *FEDERAL REGISTER* PUBLICATION OF COMMENTS**

As authorized by 15 U.S.C. § 16(d), the United States moves this Court, for good cause, to excuse *Federal Register* publication of the comments received in this case and instead to authorize electronic publication of those comments. The United States proposes to meet its statutory obligations by posting the public comments on the Antitrust Division's publicly available website and publishing the internet address for those comments in the *Federal Register*. Defendants and co-Plaintiff States do not object to this motion. A proposed Order is attached.

Given that publishing the comments is a gating issue for moving forward in this proceeding, the United States respectfully requests the Court's prompt attention to this motion.

**Background**

On July 26, 2019, the United States filed a proposed Final Judgment in this case. As required by the Antitrust Procedures and Penalties Act, 15 U.S.C. §§ 16(b)–(h) (the "Tunney Act"), the United States then published the proposed Final Judgment in the *Federal Register*, *see* 84 Fed. Reg. 39,862 (August 12, 2019), and caused a summary of the terms of the proposed Final Judgment to be

published in *The Washington Post* on August 3–9, 2019. The United States has received 32 public comments in this matter.

## Argument

The Tunney Act requires the United States to publish the comments and its response to those comments in the *Federal Register* before moving the Court for entry of the proposed Final Judgment. 15 U.S.C. § 16(d). In 2004, the Tunney Act was amended in light of the benefits of electronic publication and the costs of publication in the *Federal Register*. The amendment authorizes the Court to order an alternative publication method when the expense involved exceeds the public-interest benefits to be gained:

> Upon application by the United States, the district court may, for good cause (based on a finding that the expense of publication in the Federal Register exceeds the public interest benefits to be gained from such publication), authorize an alternative method of public dissemination of the public comments received and the response to those comments.

15 U.S.C. § 16(d).[1]

Here, the expense of publication would be significant. The 32 comments in total amount to approximately 380 pages, and the United States would incur approximately $30,000 to $50,000 in expenses to publish these comments in the *Federal Register*.

Furthermore, since the 2004 amendment to 15 U.S.C. § 16(d), courts have repeatedly granted motions by the United States to excuse *Federal Register* publication of Tunney Act comments where, as here, such publication would involve significant expense that would exceed the public-interest

---

[1] At the Senate hearing on the 2004 Tunney Act amendment, Senator Leahy of the Judiciary Committee noted that *Federal Register* publication can offer "little benefit, because those materials are, if anything, more accessible on the Web than in a library." 150 Cong. Rec. 6,328 (2004). Senator Kohl echoed those comments, stating, "[t]his provision is intended to avoid unnecessary expense in publishing proposed consent decrees if alternative means are available, such as, for example, posting the proposed decrees electronically, which are sufficient to inform interested persons of the proposed consent decree." *Id.* at 6,332.

benefits of such publication.[2] The United States thus proposes to publish the 32 public comments on the Antitrust Division's website and publish in the *Federal Register* the internet address at which the comments can be read and downloaded. This alternative would save the expense of full *Federal Register* publication while preserving the public-interest benefits associated with public access to the materials.

*   *   *

For these reasons, the United States respectfully requests that the Court enter the attached Proposed Order authorizing an alternative method of public dissemination of the public comments in this matter—namely, the publication in the *Federal Register* of a link to the Antitrust Division's website, where those comments can be viewed and downloaded.

Dated: November 1, 2019

Respectfully submitted,

/s/
_____
Frederick S. Young
D.C. Bar No. 421285
Trial Attorney
Antitrust Division, U.S. Department of Justice
450 Fifth Street NW, Suite 7000
Washington, D.C. 20530
Telephone: (202) 307-2869

---

[2] *See, e.g.*, Minute Order, *United States v. CVS Health Corp. et al.*, No. 1:18-cv-02340-RLJ (D.D.C. Feb. 9, 2019) (attached as Ex. 2); Order, *United States v. Bayer AG, et al.*, No. 1:18-cv-01241-JEB (D.D.C. Jan. 2, 2019) (attached as Ex. 3); Minute Order, *United States v. Anheuser-Busch InBev SA/NV, et al.*, No. 1:16-cv-01483-EGS (D.D.C. Jan. 19, 2017) (attached as Ex. 4); Order, *United States v. Anheuser-Busch InBev SA/NV, et al.*, No. 1:13-cv-00127-RWR (D.D.C. Aug. 2, 2013) (attached as Ex. 5); Minute Order, *United States v. United Techs. Corp.*, No. 1:12-cv-1230-KBJ (D.D.C. Mar. 25, 2013) (attached as Ex. 6).

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2019 I caused a copy of the foregoing document to be served by ECF on all counsel who have appeared in this matter.

/s/   Frederick S. Young
Frederick S. Young
D.C. Bar No. 421285
Trial Attorney
U.S. Department of Justice
Antitrust Division
450 5th Street, NW, Suite 7000
Washington, DC  20530
Tel:  202-307-2869