UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, *et al.*,

    *Plaintiffs*,

v.

DEUTSCHE TELEKOM AG, *et al.*,

    *Defendants.*

Case No. 1:19-cv-02232-TJK

### MOTION AND MEMORANDUM OF THE UNITED STATES IN SUPPORT OF ENTRY OF FINAL JUDGMENT

Pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. §16(b)-(h) ("APPA" or "Tunney Act"), Plaintiff the United States of America ("United States") moves for entry of the proposed Final Judgment, filed on July 26, 2019 (Dkt. No. 2-2), a copy of which is attached hereto as Exhibit 1. The proposed Final Judgment may be entered at this time without further notice to any party or other proceedings if the Court determines that such entry is in the public interest. *See* 15 U.S.C. § 16(e). Entry of the proposed Final Judgment would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

The Competitive Impact Statement ("CIS") filed on July 30, 2019 (Dkt. No. 20), and the Response of Plaintiff United States to Public Comments on the proposed Final Judgment

1

("Response to Comments") filed on November 6, 2019 (Dkt. No. 42), explain why entry of the proposed Final Judgment is in the public interest. With this Motion, the United States also is filing a Certificate of Compliance with Provisions of the Antitrust Procedures and Penalties Act ("Certificate of Compliance"), attached as Exhibit 2, showing that the parties have complied with all applicable provisions of the APPA and certifying that the APPA's 60-day public comment period has expired.

## I. BACKGROUND

On April 29, 2018, T-Mobile US, Inc. ("T-Mobile") and Sprint Corporation ("Sprint") – together with their parent entities Deutsche Telekom AG ("Deutsche Telekom") and SoftBank Group Corp. ("SoftBank") – agreed to combine their respective businesses in an all-stock transaction. On July 26, 2019, the United States filed a Complaint seeking to enjoin the proposed transaction because it would substantially lessen competition for retail mobile wireless services in the United States, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. Dkt. No. 1. The Complaint filed on July 26, 2019 was joined by the states of Kansas, Nebraska, Ohio, Oklahoma and South Dakota. *Id.* An Amended Complaint adding the state of Louisiana as a plaintiff was entered on Aug. 16, 2019. Dkt. No. 28. The United States' Consent Motions for Leave to Amend the Complaint to add the states of Florida, Colorado and Arkansas as plaintiffs are pending. Dkt. Nos. 33, 40, 43.

At the same time the Complaint was filed, the United States also filed a Stipulation and Order and the proposed Final Judgment. Dkt. Nos. 2-1, 2-2. On July 30, 2019, the United States filed a CIS that describes how the proposed Final Judgment is designed to remedy the likely anticompetitive effects of the acquisition. Dkt. No. 20. The Stipulation and Order, which was signed and entered by the Court on July 29, 2019 (Dkt. No. 16), added DISH Network Corp.

2

("DISH") as a defendant in this action for purposes of the divestiture and provides that the proposed Final Judgment may be entered by the Court without further notice to any party or other proceedings after compliance with the requirements of the APPA. *Id.* at 6, 8. Each state that has been added or is seeking to be added as a co-plaintiff in this matter has likewise executed a Stipulation agreeing to the Stipulation and Order entered by the Court. Dkt. Nos. 26-2 (Louisiana); 33-2 (Florida); 40-2 (Colorado); and 43-2 (Arkansas).

## II.   COMPLIANCE WITH THE APPA

The United States has now complied with all of the requirements of the APPA. On July 30, 2019, the United States filed a CIS (Dkt. No. 20), and the proposed Final Judgment and CIS were published in the *Federal Register* on August 12, 2019. *See* 84 Fed. Reg. 39862 (Aug. 12, 2019). A summary of the terms of the proposed Final Judgment and CIS, together with directions for the submission of written comments relating to the proposed Final Judgment, was published in *The Washington Post* for August 3-9, 2019.

As noted in the CIS, the United States identified two determinative documents within the meaning of 15 U.S.C. § 16(b) that it considered in formulating the proposed Final Judgment. *See* Dkt. No. 20 at 22-23. Redacted versions of these documents have been available to the public at the court through the links contained in the CIS filed on July 30, 2019. *See id.* at 23 nn. 6-7.[1]

The APPA requires a sixty-day period for the submission of written comments on a proposed Final Judgment. *See* 15 U.S.C. § 16(b). The sixty-day public comment period

---

[1] On September 6, the United States filed a Sealed Motion for Leave to File Document Under Seal to request permission to file the unredacted versions of these documents under seal with the Court. *See* Dkt. No. 31. This motion remains pending. No commenter expressed the view that their comment was limited in any way by inability to review the determinative documents.

3

commenced on August 12, 2019, and terminated on October 11, 2019. The United States received 32 comments. Pursuant to 15 U.S.C. § 16(d), the United States filed its Response to Comments on November 6, 2019, along with copies of the comments received. Dkt. No. 42. Pursuant to the Court's Minute Order of November 5, 2019, granting the Unopposed Motion of the United States to Excuse *Federal Register* Publication of Comments (*see* Dkt. No. 41), the United States posted on the Antitrust Division's website at https://www.justice.gov/atr/case/us-et-al-v-deutsche-telekom-ag-et-al the 32 comments and its Response to Comments. Pursuant to 15 U.S.C. § 16(d), the United States has caused to be published in the *Federal Register* its Response to Comments, along with the location noted above at which the 32 comments can be viewed and downloaded. The United States' submission has been accepted for publication by the Federal Register and will be published on November 13, 2019.

With this Motion and Memorandum, the United States is filing its Certificate of Compliance, which states that all the requirements of the APPA have been satisfied. *See* Exhibit 2. All parties have stipulated that, upon motion of any party or upon the Court's own motion, the proposed Final Judgment may be entered by the Court at any time after compliance with the requirements of the APPA and without further notice to any party or other proceedings. Stipulation and Order § IV.A (Dkt. No. 16). It is now appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the proposed Final Judgment.[2]

---

[2] As detailed in the United States' Response to States' Motion to File Brief as Amici Curiae (Dkt. No. 36) and as discussed further in the Response to Comments, delaying this Court's proceedings until after the conclusion of the litigation initiated by a group of state attorneys general in the Southern District of New York would prejudice the public interest, the Department, and DISH and would not promote the efficient use of judicial resources.

### III. STANDARD OF JUDICIAL REVIEW UNDER THE APPA

The Clayton Act, as amended by the APPA, requires that proposed consent judgments in antitrust cases brought by the United States be subject to a sixty-day comment period, after which the Court shall determine whether entry of the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination in accordance with the statute, the Court is required to consider:

A. the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

B. the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B).

In the CIS and Response to Comments, the United States explained the meaning and proper application of the public interest standard under the APPA and now incorporates those portions of the CIS and Response to Comments by reference. The public has had the opportunity to comment on the proposed Final Judgment as required by law. As explained in the CIS and the Response to Comments, entry of the proposed Final Judgment is in the public interest.

### IV. ENTRY OF THE PROPOSED FINAL JUDGMENT IS IN THE PUBLIC INTEREST

The United States alleged in its Complaint that the acquisition of Sprint by T-Mobile likely would substantially lessen competition for retail mobile wireless services in the United States. As

explained in the CIS and the Response to Comments, the remedy in the proposed Final Judgment is designed to address the likely anticompetitive effects of this acquisition by, *inter alia*, requiring a substantial divestiture to DISH which, when combined with the mobile wireless spectrum it already owns, will enable DISH to enter the market as a new 5G mobile wireless services provider and a fourth nationwide facilities-based wireless carrier.

As set forth in the Stipulation and Order entered by the Court, DISH has been joined to this action for purposes of the divestiture. Dkt. No. 16. Including DISH is appropriate because the United States has determined that DISH is a necessary party to effectuate the relief obtained; the divestiture package was crafted specifically taking into consideration DISH's existing assets and capabilities, and divesting the package to another purchaser would not preserve competition. Thus, the proposed Final Judgment imposes certain obligations on DISH to ensure that the divestitures take place expeditiously and that DISH meets certain deadlines in building out and operating its own mobile wireless services network to provide competitive retail mobile wireless service. The United States also will be moving this Court to appoint a Monitoring Trustee, who will have the power and authority to investigate and report on each Defendant's compliance with the terms of the Final Judgment and the Stipulation and Order.

The Court can make the public interest determination based on the CIS and the Response to Comments alone. Section 16(e)(2) of the APPA states that, "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." There has been no showing that the proposed settlement constitutes an abuse of the United States' discretion or that the settlement is not within the zone of settlements consistent with the public interest.

## V. CONCLUSION

For the reasons set forth in this Motion and Memorandum, the CIS, and the Response to Comments, the Court should find that entry of the proposed Final Judgment is in the public interest and should enter the Final Judgment without further hearings. Accordingly, the United States respectfully requests that the Final Judgment, attached hereto as Exhibit 1, be entered as soon as possible.

Dated:  November 8, 2019             Respectfully submitted,

                                     FOR PLAINTIFF
                                     UNITED STATES OF AMERICA

                                     _____/s/_____
                                     Frederick S. Young
                                     (D.C Bar No. 421285)
                                     U.S. Department of Justice
                                     Antitrust Division
                                     450 Fifth Street NW, Suite 4100
                                     Washington, D.C. 20530
                                     (202) 307-2869
                                     Frederick.Young@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Frederick S. Young, hereby certify that on November 8, 2019, I caused a copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

                                                         /s/
                                      Frederick S. Young
                                      U.S. Department of
                                      Justice Antitrust Division
                                      450 Fifth Street NW, Suite 4100
                                      Washington, D.C. 20530
                                      (202) 307-2869
                                      Frederick.Young@usdoj.gov