UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEUTSCHE TELEKOM AG, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:19-cv-02232-TJK |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION OF THE UNITED STATES TO APPOINT MONITORING TRUSTEE**

The United States hereby files this Memorandum in support of its motion to appoint Theodore W. Ullyot, Esq., as Monitoring Trustee in this case. This motion is unopposed.

Pursuant to the Stipulation and Order entered by this Court on July 29, 2019 and the proposed Final Judgment filed with the Court July 26, 2019, the United States has the sole discretion, after consultation with the Plaintiff States, to propose a Monitoring Trustee for appointment by this Court. As described below, Mr. Ullyot is well-qualified to serve as Monitoring Trustee and to monitor Defendants' compliance with the proposed Final Judgment and the Stipulation and Order. The prompt appointment of Mr. Ullyot and entry of the proposed Final Judgment will enable him to begin work overseeing the Defendants' compliance with their ongoing obligations under the Stipulation and Order and will shorten the time until consumers begin experiencing the benefits that this merger and proposed remedy promise to generate.

**I.   Background**

The United States, joined by the states of Arkansas, Colorado, Florida, Kansas,

Louisiana, Nebraska, Ohio, Oklahoma, South Dakota, and Texas filed a civil antitrust Complaint seeking to enjoin the proposed merger between T-Mobile US, Inc. ("T-Mobile") and Sprint Corporation ("Sprint").  Dkt. Nos. 1, 28, 45, 46, 47, and 50.  The Complaint alleges that the acquisition, as originally proposed, would have substantially lessened competition for retail mobile wireless services in the United States, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.  This loss of competition would likely have resulted in increased prices and less attractive service offerings for American consumers.

At the same time the original Complaint was filed, the United States also filed a Stipulation and Order and a proposed Final Judgment agreed to by all parties, which are designed to remedy the likely anticompetitive effects of the acquisition.  Dkt. No. 2.  The Court entered the Stipulation and Order on July 29, 2019.  Dkt. No. 16.  Pursuant to Section V of the Stipulation and Order, DISH Network Corporation ("DISH") has consented to be joined as a Defendant and to be bound by the proposed Final Judgment.  Here and in the proposed Final Judgment, T-Mobile, Sprint and DISH are collectively referred to as "Defendants."

Pursuant to the Stipulation and Order and the proposed Final Judgment, the United States has the sole discretion, after consultation with the Plaintiff States, to propose to this Court the appointment of a Monitoring Trustee.  Stipulation and Order (Dkt. No. 16) at §§ IV.A, IV.B, V; Proposed Final Judgment (Dkt. No. 2-2) ("PFJ") at § XII.A.  The Monitoring Trustee will have "the power and authority to monitor Defendants' compliance" with the terms of the proposed Final Judgment and Stipulation and Order, and "such other powers as the Court deems appropriate."  PFJ at § XII.B.

## II.   The Monitoring Trustee's Role and Responsibilities

The Monitoring Trustee will oversee the Defendants' compliance with both the Stipulation and Order and the proposed Final Judgment.  Numerous provisions in these documents will require the Monitoring Trustee's attention, including:

- **Divestitures:** The proposed Final Judgment provides that T-Mobile and Sprint must divest to DISH Sprint's prepaid businesses.  PFJ at § IV.A.  The proposed settlement also provides for the divestiture of certain spectrum assets to DISH, and it requires T-Mobile and Sprint to make available to DISH at least 20,000 cell sites and hundreds of retail locations.  PFJ at § IV.B-D.

- **Facilities-Based Expansion and Entry:** The proposed Final Judgment also incorporates commitments made by T-Mobile and DISH to the FCC regarding their respective network builds, which include substantial penalties for non-compliance at the FCC and in this Court.  PFJ at § VIII.  Additionally, T-Mobile, Sprint, and DISH must support remote SIM provisioning and eSIM technology, which have the potential to lower barriers to entry and increase the options available to consumers.  PFJ at § VII.B-F.

- **Full Mobile Virtual Network Operator:**  To facilitate DISH's transition to an independent wireless network, the proposed Final Judgment requires T-Mobile and Sprint to enter into a full mobile virtual network operator agreement ("Full MVNO Agreement") with DISH.  PFJ at § VI.  The proposed Final Judgment further requires that T-Mobile and Sprint extend certain current Mobile Virtual Network Operator ("MVNO") agreements until the expiration of the Final

3

> Judgment, maintaining the status quo until DISH's network becomes a potential option for MVNOs.  PFJ at § VII.A.

- **Transitional obligations:**  Prompt appointment of the Monitoring Trustee would be especially beneficial to enable him to supervise Defendants' compliance during the early transitional periods of the decree.  To facilitate the transition of the divested businesses to DISH and ensure their continued competitiveness, the proposed Final Judgment requires T-Mobile, at DISH's option, to enter into one or more transition services agreements to provide essential services for an initial term of two years after transfer of certain divested assets.  PFJ at §§ IV.A.4, IV.H.  The proposed Final Judgment further imposes obligations on Defendants to create and implement firewalls to prevent misuse of any confidential information that is shared pursuant to these agreements.  PFJ at § XIII.  Until the divestitures required by the proposed Final Judgment have been accomplished, T-Mobile and Sprint are required and to preserve and continue to operate the Prepaid Assets to be divested as independent, economically viable, and ongoing business concerns. Stipulation and Order at § VI.

As explained in the proposed Final Judgment, the Monitoring Trustee's responsibilities include investigating and reporting on Defendants' compliance with their responsibilities under the proposed Final Judgment and Stipulation and Order and their progress to effectuate the purposes of the proposed Final Judgment.  PFJ at § XII.B.  After appointment, the Monitoring Trustee shall file reports with the United States monthly, or more frequently as needed, setting forth Defendants' efforts to comply with Defendants' obligations under this Final Judgment and

4

under the Stipulation and Order.  PFJ at § XII.H.  The Monitoring Trustee shall serve until the divestiture of all the Divestiture Assets is finalized pursuant to this Final Judgment, until the buildout requirements are complete, until any Full MVNO Agreement expires or otherwise terminates, or until the term of any transition services agreement has expired, whichever is later. PFJ at § XII.I.

### III. Theodore W. Ullyot's Qualifications to Serve as Monitoring Trustee

Mr. Ullyot is highly qualified to serve as Monitoring Trustee in this matter, having served in senior management and board positions in public companies, law firms and government.  As former General Counsel of Facebook and former partner and head of the Policy & Regulatory Affairs group at Andreessen Horowitz, he has a strong background and experience in the technology sector and related policy and regulatory issues.  His corporate experience also includes serving on the board of AutoZone, and in senior legal and management positions at ESL Investments and AOL-Time Warner.  His government experience includes service as the Deputy Assistant to the President and Deputy Staff Secretary for President George W. Bush, and as Chief of Staff to Attorney General Alberto Gonzales.  He has also been a partner at the law firm of Kirkland & Ellis in Washington, D.C., specializing in telecommunications and appellate law. Mr. Ullyot has previous experience in compliance and in working with government-appointed monitors, and his management expertise will enable him to form a team that will monitor closely and report effectively on the Defendants' progress in complying with their obligations.  He is a Distinguished Adjunct Professor Lecturer at George Mason's Scalia Law School and previously was a Lecturer at Stanford Law School.  Mr. Ullyot has no conflicts of interest that would disqualify him from fulfilling his role as the Monitoring Trustee in this case.

As Monitoring Trustee, Mr. Ullyot intends to work with StoneTurn Group, LLC ("StoneTurn"), and anticipates retaining additional consultants, attorneys, engineers and others for assistance and support.  *See* PFJ at § XII.C.  StoneTurn is a global advisory firm with extensive experience serving as corporate compliance monitors, serving as forensic advisors to corporate compliance monitors, and leading integrated corporate compliance monitor engagement teams, including for monitors appointed by the Department of Justice ("DOJ") and other government authorities.  StoneTurn's Compliance and Monitoring practice has previously supported the DOJ-appointed Independent Corporate Compliance Monitor and Auditor of an automaker to assess the company's compliance with the terms of a criminal plea agreement and civil consent decree, the DOJ-appointed Independent Compliance and Ethics Monitor for a global investment bank to monitor compliance with a Deferred Prosecution Agreement, and the National Highway Traffic Safety Administration-appointed Monitor of an automotive supplier to assess the company's process safety program and controls, ethics-and-compliance program, and recall-and-remedy-program.  StoneTurn is well qualified to support Mr. Ullyot in fulfilling the duties associated with this appointment.

A professional biography of Mr. Ullyot is attached.

**IV.     Conclusion**

For the foregoing reasons, the United States respectfully requests that this Court approve the appointment of Theodore W. Ullyot as the Monitoring Trustee pursuant to the proposed Final Judgment.

Dated: December 9, 2019

                                                  Respectfully submitted,

                                                  /s/
                                            Frederick S. Young
                                            D.C. Bar. No. 421285
                                            Trial Attorney
                                            Antitrust Division, U.S. Department of Justice
                                            450 Fifth Street NW, Suite 7000
                                            Washington, D.C. 20530
                                            Telephone: (202) 307-2869