**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES**, *et al.*, | |
| *Plaintiffs*, | |
| **v.** | **1:19-cv-02232-TJK** |
| **DEUTSCHE TELEKOM AG**, *et al.*, | |
| *Defendants*. | |

**STATES' BRIEF AS AMICI CURIAE**

# TABLE OF CONTENTS

STATES' STATEMENT OF INTEREST ...................................................................................... 1

SUMMARY OF ARGUMENT ................................................................................................... 2

LEGAL STANDARD ................................................................................................................. 2

ARGUMENT .............................................................................................................................. 4

    I.      If the States Prevail in their Effort to Enjoin the Merger, this Court's Public
            Interest Determination is Not Required. ......................................................................... 5

    II.     Sequencing the Tunney Act Determination After the Merger Litigation Will
            Not Cause Undue Prejudice or Delay to any Interest of the Parties ............................... 6

    III.    Evidence Relevant to the Public Interest Determination will be Presented in
            the Merger Litigation. ..................................................................................................... 6

CONCLUSION ........................................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Belize So. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724 (D.C. Cir. 2012)..........................................5

*Companion Life Ins. Co. v. Matthews*, 547 F. Supp. 836 (S.D.N.Y. 1982)....................................5

*Puritan Sportswear Corp. v. Puritan Fashions Corp.*, 232 F. Supp. 550 (S.D.N.Y. 1964)...........5

*State of New York v. Deutsche Telekom AG*, No. 1:19-cv-05434-VM-RWL (S.D.N.Y.) ..............1

*United States v. AT&T*, 541 F. Supp. 2d 2 (D.D.C. 2008).............................................................7

*United States v. Philip Morris USA, Inc.*, 841 F. Supp. 2d 139 (D.D.C. 2012) ............................5

*United States v. Republic Services*, 723 F. Supp. 2d 157 (D.D.C. 2010) ......................................7

*United States v. SBC Communications, Inc.*, 489 F. Supp. 2d 1 (D.D.C. 2007) ...........................2

**<u>Statutes</u>**

15 U.S.C. § 16....................................................................................................................... 1, 3-4

15 U.S.C. § 18......................................................................................................................... 1, 4

**<u>Rules</u>**

United States District Court for the District of Columbia Local Civil Rule 7(o)(1) ......................2

## STATES' STATEMENT OF INTEREST

The attorneys general of seventeen states and the District of Columbia (the "States")[1]

have sued to enjoin T-Mobile US, Inc.'s ("T-Mobile") acquisition of Sprint Corporation

("Sprint") in *State of New York et al. v. Deutsche Telekom AG et al.*, No. 1:19-cv-05434-VM-

RWL (S.D.N.Y. filed June 11, 2019) (the "Merger Litigation"),[2] on grounds that the combination

violates Section 7 of the Clayton Act, 15 U.S.C. § 18. The proceedings before this Court arose

after the United States Department of Justice ("USDOJ") filed its own complaint, based on the

same underlying facts as the Merger Litigation, also alleging that the proposed merger would

violate Section 7 of the Clayton Act.[3] Along with its complaint, the USDOJ filed a Proposed

Final Judgment and Stipulation (the "Settlement") in a purported effort to remedy the alleged

harm from the merger. That Settlement is now before this Court for review pursuant to the

Antitrust Procedures and Penalties Act ("APPA" or "Tunney Act").[4] This Court's review of the

---

[1] The currently litigating states are: New York, California, Texas, Colorado, Connecticut, Hawaii, Illinois, Maryland, Michigan, Minnesota, Mississippi, Nevada, Oregon, and Wisconsin, the commonwealths of Massachusetts, Pennsylvania, and Virginia, and the District of Columbia. On October 9, 2019, Mississippi requested court approval to withdraw its claims.

[2] On June 11, 2019, the States filed a complaint (as amended, the "States' Complaint") in the United States District Court for the Southern District of New York, alleging that the merger of T-Mobile and Sprint would constitute a violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, by eliminating competition between Sprint and T-Mobile, substantially lessening competition, raising prices, lowering quality, and stifling innovation in markets for retail mobile wireless telecommunications services both nationwide, as well as in numerous local geographic markets for retail mobile wireless telecommunications services.

[3] On July 26, 2019, USDOJ filed a complaint in this Court (the "DOJ Complaint") alleging that the proposed merger of T-Mobile and Sprint, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, would substantially lessen competition, result in higher prices, lower quality service, less innovation, and reduced consumer choice in the market for retail mobile wireless service, nationwide.

[4] The Tunney Act provides in relevant part that, "[a]ny proposal for a consent judgment submitted by the United States for entry in any civil proceeding brought by or on behalf of the United States under the antitrust laws shall be filed with the district court before which such proceeding is pending . . . at least 60 days prior to the effective date of such judgment." 15 U.S.C. § 16.

adequacy of the Settlement under the Tunney Act may implicate (and in turn may be implicated by) the States' pending litigation involving the same proposed acquisition and the same federal claims.

Pursuant to Local Civil Rule 7(o)(1), the States are not required to obtain the consent of the parties or leave of Court to file an *amicus* brief.

## SUMMARY OF ARGUMENT

The States are requesting that the Court schedule any hearings and determination under the Tunney Act regarding the Settlement for a date after the Merger Litigation is concluded. Sequencing the Tunney Act review in this way will promote judicial efficiency, since the Merger Litigation is likely to be resolved promptly and result in the development of a full and highly probative evidentiary record that will be critical to this Court's determination under the Tunney Act regarding whether the settlement is in the public interest. Moreover, such sequencing will not cause the parties to this proceeding to suffer any prejudice because T-Mobile and Sprint have agreed in the Merger Litigation not to complete the acquisition until the resolution of that separate proceeding.

## LEGAL STANDARD

This Court has been asked to review the settlement between USDOJ, T-Mobile, Sprint, their respective parent companies, and Dish Network Corporation ("DISH") (collectively, the "Parties") under the Tunney Act. That statute requires this Court to do more than "rubber-stamp" the Settlement. *See United States v. SBC Communications, Inc.*, 489 F. Supp. 2d 1, 15 (D.D.C. 2007) (Court's request for supplemental evidence and admission of interested parties to act as amici curiae showed that Court developed sufficient record for review under Tunney Act and did not merely rubber-stamp government's consent decree).

Instead, the Court is tasked with making an independent determination as to whether or not the competitive impact of the Settlement is within the public interest. *See* 15 U.S.C. § 16(e) ("[T]the court shall consider (a) the competitive impact of such judgment, including . . . termination of alleged violations, provisions for enforcement and modification, the duration of the relief sought, the anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and (b) impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally . . . including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.").

To this end, the Tunney Act empowers the Court with broad authority to gather evidence in order to make an informed decision. *See* 15 U.S.C. § 16(f) ("In making its determination under subsection (e), the court may—(1) take testimony of Government officials or experts or such other expert witnesses, upon motion of any party or participant or upon its own motion, as the court may deem appropriate; (2) appoint a special master and such outside consultants or expert witnesses as the court may deem appropriate; and request and obtain the views, evaluations, or advice of any individual, group or agency of government with respect to any aspects of the proposed judgment or the effect of such judgment, in such manner as the court deems appropriate; (3) authorize full or limited participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae, intervention as a party pursuant to the Federal Rules of Civil Procedure, examination of witnesses or documentary materials, or participation in any other manner and extent which serves the public interest as the court may deem appropriate; (4) review any comments including any objections filed with the

United States under subsection (d) concerning the proposed judgment and the responses of the United States to such comments and objections; and (5) take such other action in the public interest as the court may deem appropriate.").

## ARGUMENT

The Competitive Impact Statement filed by the USDOJ in connection with the Settlement makes clear that the USDOJ found that the effect of the merger, as originally proposed, would substantially lessen competition in retail mobile wireless services in violation of Section 7 of the Clayton Act. *See* ECF No. 20. The USDOJ now claims that the Settlement—which contemplates divestitures to DISH for the purpose of enabling the entry of DISH as a fourth mobile wireless provider—was "designed to preserve competition by enabling the entry of another national facilities-based mobile wireless network carrier." *Id*. at 2.

The States agree with USDOJ that the merger, if consummated, would "cause the merged T-Mobile and Sprint ("New T-Mobile") to compete less aggressively . . . [and] make it easier for the three remaining national facilities based mobile wireless carriers to coordinate their pricing, promotions, and service offerings," resulting in "increased prices and less attractive service offerings for American consumers, who collectively would pay billions of dollars more each year for mobile wireless service." DOJ Complaint ¶ 5. The States also agree with the USDOJ that "[a]ny efficiencies generated by this merger are unlikely to be sufficient to offset the likely anticompetitive effects on American consumers." *Id.* ¶ 24. The States do not agree, however, that the proposed Settlement would ameliorate the harms to competition in the relevant markets. As such, the Settlement is not in the public interest.

The States are pursuing their objections in the Merger Litigation, which is scheduled to go on trial in December of this year. Because the underlying facts and allegations concerning the

competitive impact of both the Settlement and the merger are common to both the Merger

Litigation and this Court's public interest determination under the Tunney Act, the States request

that this Court schedule any hearings and determination regarding the Settlement for a date after

the Merger Litigation is concluded. The decision to defer a public interest determination under

the Tunney Act is within the Court's discretion. *See Companion Life Ins. Co. v. Matthews*, 547 F.

Supp. 836, 839-40 (S.D.N.Y. 1982) (ordering stay of federal declaratory judgment action when

parallel state litigation was pending because doing so was in interest of judicial efficiency was

within Court's discretion); *see also Puritan Sportswear Corp. v. Puritan Fashions Corp.*, 232 F.

Supp. 550, 555 (S.D.N.Y. 1964) (exercising discretion to order stay of federal merits litigation

where issues arising out of controversy could be resolved in another federal court where

litigation had already commenced); *but see United States v. Philip Morris USA, Inc.*, 841 F.

Supp. 2d 139, 141 (D.D.C. 2012) ("a court abuses its discretion in ordering a stay 'of indefinite

duration in the absence of a pressing need.'") (quoting *Belize So. Dev. Ltd. v. Gov't of Belize*,

668 F.3d 724 (D.C. Cir. 2012)).

I.      **If the States Prevail in their Effort to Enjoin the Merger, this Court's Public Interest Determination is Not Required.**

Scheduling the Tunney Act determination regarding the Settlement for a date after the

Merger Litigation is resolved will preserve this Court's judicial resources. If the States are

successful, the merger will be enjoined, rendering unnecessary the Court's Tunney Act review,

which would involve reviewing public comments, evaluating USDOJ's response to those

comments, examining evidence, and reaching a determination. If, on the other hand, the States

are unsuccessful in the Merger Litigation, this Court will still have a full opportunity to evaluate

the merits of the proposed Settlement, with the benefit of all the evidence and testimony

developed in the Merger Litigation.

**II.     Sequencing the Tunney Act Determination After the Merger Litigation Will Not Cause Undue Prejudice or Delay to any Interest of the Parties.**

There is no urgency to approve the Settlement, because the issues in that litigation will be resolved promptly, and T-Mobile and Sprint have agreed not to close the merger until after the Merger Litigation is concluded. *See* Case Management Order ¶ 4, attached hereto as <u>Exhibit "A"</u> ("Defendants agree not to consummate or otherwise complete the challenged transaction until 12:01 A.M. PT on the sixth day following the entry of a final and appealable judgment, and only if the Court enters judgment in favor of Defendants or otherwise permits consummation of the challenged transaction."); *see also id.* ¶ 13 ("The parties agree that post-trial briefing shall be submitted on a schedule to be set by the Court in consultation with the parties at the final pre-trial conference.").

Trial in the Merger Litigation before District Judge Victor Marrero is set to begin on December 9, 2019 and will last for two to three weeks, a mere two months after the close of the public comment period.[5] *See* Case Management Order ¶ 10.C. ("The parties commit to a two-week trial with time equitably divided, Defendants reserve the right to seek a third week of trial once Plaintiffs disclose their final witness list . . . ."). Thus, scheduling the Tunney Act review of the Settlement for a date after the Merger Litigation concludes will not cause significant delay, and there is no danger that the Merger Litigation will drag on for an indefinite period of time.

**III.    Evidence Relevant to the Public Interest Determination will be Presented in the Merger Litigation.**

The Tunney Act requires that the Court determine whether there is a reasonable basis upon which to conclude that the Settlement would remedy the competitive harm alleged in the

---

[5] The sixty (60) day comment period required under the Tunney Act started to run on August 12, 2019, when the USDOJ published a notice that the proposed Final Judgment, Stipulation, and Competitive Impact Statement had been filed in the Federal Register.

complaint. *See United States v. Republic Services*, 723 F. Supp. 2d 157, 159-60 (D.D.C. 2010) (finding reasonable basis upon which to conclude that divestitures would remedy competitive harm where DOJ based its analysis on detailed investigation that analyzed each geographic market individually and tailored each divestiture to competitive concerns of particular market). It also requires a finding that the Settlement sufficiently minimizes the merger's anticompetitive impact. *See United States v. AT&T*, 541 F. Supp. 2d 2, 6 (D.D.C. 2008) (finding that proposed final judgment fell within reaches of public interest where divestitures of assets sufficiently minimize anticompetitive impact in markets where parties serviced substantial majority of subscribers).

In the Merger Litigation, the States will present a fully developed evidentiary record, including key documents and fact and expert testimony, to allow Judge Marrero to assess whether the proposed merger will substantially lessen competition in the relevant markets. Judge Marrero will also consider evidence and decide whether the Settlement is sufficient to ameliorate the competitive harm resulting from the merger. Sequencing this Court's public interest determination after the conclusion of the Merger Litigation will respect Judge Marrero's decision-making in a closely related proceeding and allow this Court to take advantage of a fully developed evidentiary record that will fortify its review of the Settlement. By contrast, if this Court makes its public interest determination prior to the completion of the Merger Litigation, this Court will be doing so on a comparatively narrow evidentiary basis, without the benefit of the full fact and expert testimony that will be heard in the Merger Litigation.  Making such a decision on the merits of the Settlement could interfere with Judge Marrero's consideration of the States' claims.

## <u>CONCLUSION</u>

For the foregoing reasons and in the interests of judicial efficiency, we urge the Court to sequence the Tunney Act proceedings so that this Court can benefit from the full vetting of the merits that will take place in the Merger Litigation.

Dated: October 9, 2019          Respectfully submitted,
      New York, NY

      */s/ Beau Buffier*
      BEAU BUFFIER
      Chief, Antitrust Bureau
      New York State
      Office of the Attorney General
      28 Liberty Street
      New York, New York 10005
      (212) 416-6124
      Beau.Buffier@ag.ny.gov

      *Counsel for the State of New York*