IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  1:19-cv-02232-TJK |
| | ) | |
| DEUTSCHE TELEKOM AG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

INCOMPAS, through the undersigned counsel, respectfully moves for leave, under this Court's January 10, 2020 Order and Local Civil Rule 7(o), to file the *amicus curiae* brief attached as Exhibit A to this Motion in support of the defendants in this matter.  In support of this motion, INCOMPAS states as follows:

1. INCOMPAS is a trade organization representing Internet, streaming, communications and technology companies both large and small.  Many INCOMPAS members need or would benefit from wholesale and/or roaming access to high quality 5G mobile networks at low prices.

2. The rapid transition to 5G wireless networks depends on wireless companies having the resources to build out their networks.  The members of INCOMPAS will rely upon 5G for their businesses and thus have an interest in the outcome of this proceeding.

3. This Court has "broad discretion to permit . . . participat[ion] as amici curiae." *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011).  INCOMPAS can bring unique insight into the merger and

proposed settlement beyond what the parties have provided. *See Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136-37 (D.D.C. 2008) ("An *amicus* brief should normally be allowed when . . . the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."). Courts in this district have allowed trade organizations to participate as *amici curiae*, recognizing that they bring insight that may not be provided by the parties. *See, e.g.*, *Ctr. for Public Integrity v. FCC*, 505 F. Supp. 2d 106, 108 (D.D.C. 2007) (accepting *amici* briefs filed by communications trade associations). Additionally, this Court has invited *amici* participation. *See* Second January 10, 2020 Minute Order ("Pursuant to this Court's inherent authority, and in light of the Tunney Act's flexible procedural framework, *see* 15 U.S.C. § 16(f), the Court establishes the following parameters governing how interested amici may participate in this proceeding.").

4. The Court should therefore grant this motion for INCOMPAS leave to file an *amicus curiae*.

5. Counsel for INCOMPAS have conferred with counsel for the United States and the Defendants in this action. The United States and Defendants do not oppose this motion.

3

Date: January 24, 2020                    Respectfully submitted,


                                          */s/  Pantelis Michalopoulos*
                                          Pantelis Michalopoulos
                                          D.C. Bar. No. 453179
                                          **STEPTOE & JOHNSON LLP**
                                          1330 Connecticut Avenue NW
                                          Washington, D.C.  20036
                                          Telephone: (202) 429-6494
                                          Facsimile: (202) 429-3902
                                          pmichalopoulos@steptoe.com
                                          *Counsel for Movant INCOMPAS*

3

**CERTIFICATE OF SERVICE**

I, Pantelis Michalopoulos, hereby certify that on January 24, 2020, I caused the foregoing to be filed with the Court's ECF filing system.

/s/ *Pantelis Michalopoulos*
Pantelis Michalopoulos
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue NW
Washington, D.C.  20036
pmichalopoulos@steptoe.com
(202) 429-3000