# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** *et al.*, | ) |
| *Plaintiffs*, | ) |
| v. | ) 1:19-cv-02232-TJK |
| **DEUTSCHE TELEKOM AG,** *et al.*, | ) |
| *Defendants*. | ) |

# STATES' SUPPLEMENTAL BRIEF AS AMICI CURIAE

# TABLE OF CONTENTS

|   | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| STATEMENT OF INTEREST | 1 |
| ARGUMENT | 2 |
| CONCLUSION | 5 |

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                              **Page(s)**

*Broadcast Music, Inc. v. Columbia Broad. Sys., Inc.*,
   441 U.S. 1 (1979) ....................................................................................................... 4

*California v. American Stores Co.*,
   495 U.S. 271 (1990) ..................................................................................................... 2

*United States v. SBC Commc'ns, Inc.*,
   489 F. Supp. 2d 1 (D.D.C. 2007) ................................................................................. 4

*United States v. U.S. Airways Grp., Inc.*,
   38 F. Supp. 3d 69 (D.D.C. 2014) ............................................................................. 2, 3

**Statutes**

15 U.S.C.
   § 16 ...................................................................................................................... 2, 3, 4
   § 18 ............................................................................................................................ 2, 4
   § 26 ............................................................................................................................ 2, 4

**Rules**

Local Civil Rule 7 ................................................................................................................ 1

## STATEMENT OF INTEREST

This supplemental amicus curiae brief is submitted at the Court's invitation by the attorneys general of thirteen States[1] and the District of Columbia (the "States"). The States have sued in the U.S. District Court for the Southern District of New York to enjoin the merger of T-Mobile U.S., Inc. ("T-Mobile") and Sprint Corporation ("Sprint") on the grounds that the merger violates Section 7 of the Clayton Act, 15 U.S.C. § 18. *See State of New York et al. v. Deutsche Telekom AG et al.*, No. 1:19-cv-05434-VM-RWL (S.D.N.Y.). The parties to that litigation recently completed a two-week bench trial before Judge Victor Marrero. The parties presented closing arguments on January 15, 2020. Judge Marrero has not yet issued a decision, but stated at the closing arguments that he intends to do so "as promptly as possible."[2]

Shortly after the States filed their challenge to the merger, the U.S. Department of Justice ("DOJ") initiated this proceeding by filing both its own Clayton Act complaint alleging Section 7 violations and a proposed consent judgment. *See* ECF Nos. 1, 2. On January 10, 2020, this Court issued a minute order inviting amicus curiae participation to assist the Court in evaluating DOJ's proposed consent judgment under the standards set forth in 15 U.S.C. § 16 ("Tunney Act"). The States submit this brief at the Court's invitation. *See also* Local Civil Rule 7(o)(1) (States may file amicus briefs without consent of parties or leave of Court).

The States have presented extensive evidence that DOJ's proposed consent judgment is not sufficient to remedy the substantial anticompetitive harms of the merger. However, because that evidence is before Judge Marrero in the comprehensive challenge to the merger that the States

---

[1] The thirteen States are: New York, California, Connecticut, Hawaii, Illinois, Maryland, Massachusetts, Michigan, Minnesota, Oregon, Pennsylvania, Virginia, and Wisconsin.

[2] *See* Trial Tr. at 2481:14, *State of New York et al. v. Deutsche Telekom AG et al.*, No. 1:19-cv-05434-VM-RWL (S.D.N.Y. Jan. 15, 2020).

brought in their sovereign capacities on behalf of their citizens, the States did not seek to intervene or submit a comment in this action, and they do not endeavor to address the merits of the consent judgment in this brief. Instead, the States submit this brief to underscore how the standard of review applicable in this litigation differs from the standard governing the States' litigation in New York. The States bring a unique perspective to that issue. In their capacity as independent enforcers of the antitrust laws, the States are statutorily authorized to litigate challenges to mergers and other anticompetitive activity—including on behalf of their citizens—even when DOJ has decided to settle such a challenge. As the Supreme Court has emphasized, the States' role as antitrust-law enforcers is "an integral part of the congressional plan for protecting competition." *California v. American Stores Co.*, 495 U.S. 271, 284 (1990).

## ARGUMENT

The States agree with DOJ that, although this case and the States' case in New York "both involve allegations that the [T-Mobile-Sprint] transaction violates Section 7 of the Clayton Act, 15 U.S.C. § 18," the two cases "present different legal questions under different statutes." ECF No. 36, at 10 (Resp. of U.S. to States' Mot. to File Br. as Amici Curiae). The New York case concerns whether the effect of the merger "may be substantially to lessen competition," 15 U.S.C. § 18, and whether a permanent injunction of the merger is in the public interest, *see id.* § 26. *See* Complaint, *State of New York et al. v. Deutsche Telekom AG et al.*, No. 1:19-cv-05434-VM-RWL (S.D.N.Y. June 11, 2019). The question before this Court, in contrast, is whether entry of DOJ's proposed consent judgment is in the public interest. 15 U.S.C. § 16(e)(1). This Court "is not tasked with deciding whether [the] merger[] as a whole run[s] afoul of the antitrust laws." *United States v. U.S. Airways Grp., Inc.*, 38 F. Supp. 3d 69, 85 (D.D.C. 2014) (quotation marks omitted).

In other words, Judge Marrero is evaluating whether the merger should proceed, whereas this Court must decide whether the relief DOJ has obtained in the consent judgment is a fair compromise of DOJ's claim in light of the risks and uncertainties that DOJ would have faced had it proceeded to trial. *See* 15 U.S.C. § 16(e)(1); *see also U.S. Airways*, 38 F. Supp. 3d at 75.

The Tunney Act itself underscores in several ways that § 16 review of a consent judgment proposed by DOJ does not displace or control judicial review of the broader merits of a merger under the antitrust laws. As an initial matter, the Act recognizes that other litigants such as the States may challenge the same anticompetitive conduct that forms a predicate for a defendant's settlement with DOJ even when a court has approved the settlement under § 16 and entered a consent judgment. *See* 15 U.S.C. § 16(a); *see also id.* § 16(h). The Act even requires, as part of the process for court approval of a consent judgment, that the United States "publish in the Federal Register, and thereafter furnish to any person upon request" a competitive impact statement discussing "the remedies available to potential private plaintiffs damaged by the alleged violation in the event that such proposal for the consent judgment is entered." *See id.* § 16(b)(4).

Just as the ultimate questions before this Court are different from those before the New York court, so too are the contours of the public-interest determination that each court must make. In evaluating whether entry of a proposed consent judgment is in the public interest, this Court must consider "*the competitive impact of such judgment*, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary." *Id.* § 16(e)(1)(A) (emphasis added). The Court also must consider "*the impact of entry of such judgment* upon competition in the relevant market or markets, upon the public generally

3

and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial." *Id.* § 16(e)(1)(B) (emphasis added).

Judge Marrero's public-interest analysis will encompass the features of the consent judgment, but is not limited to the merits of that judgment. Any consent judgment in this case will enter Judge Marrero's analysis as "a fact of economic and legal life in th[e] industry." *See Broadcast Music, Inc. v. Columbia Broad. Sys., Inc.*, 441 U.S. 1, 13 (1979). However, Judge Marrero ultimately must decide whether the evidence developed before him at trial proves that the merger—even as modified by any consent judgment—may substantially lessen competition, and should be enjoined. *See* 15 U.S.C. §§ 18, 26. Moreover, Judge Marrero will make this determination in light of the full scope of the States' complaint, which includes certain allegations not addressed in the DOJ complaint that this Court is analyzing, *see United States v. SBC Commc'ns, Inc.*, 489 F. Supp. 2d 1, 14-15 (D.D.C. 2007).

To be sure, any evidence this Court is inclined to gather to facilitate its analysis, *see id.* § 16(f), may well overlap with the evidence now before Judge Marrero. That is precisely why the States previously suggested that this Court might wish to schedule any hearings and determination regarding the Settlement for a date after the States' merger suit was concluded. *See* ECF No. 54. On the other hand, because Judge Marrero is tasked with deciding the merits of the T-Mobile-Sprint merger as a whole and is currently in the process of doing so, this Court need make no such determination in this case.

## **CONCLUSION**

For the foregoing reasons, this Court should address only the limited issues within the scope of its Tunney Act review, and permit the New York court to address the broader merits of the merger.

Dated:  January 24, 2020                                  Respectfully submitted,

/s/ Philip J. Levitz
BARBARA D. UNDERWOOD
Solicitor General
ANISHA S. DASGUPTA
Deputy Solicitor General
PHILIP J. LEVITZ
Assistant Solicitor General

CHRISTOPHER D'ANGELO
Chief Deputy Attorney General,
Economic Justice Division

BEAU BUFFIER
Chief, Antitrust Bureau
ELINOR R. HOFFMANN
Deputy Chief, Antitrust Bureau

New York State Office of the Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6325
philip.levitz@ag.ny.gov

*Counsel for the State of New York*

## **CERTIFICATE OF SERVICE**

I, Philip J. Levitz, hereby certify that on January 24, 2020, I caused a copy of the foregoing document to be served electronically upon counsel for all parties in this action via ECF.

/s/ Philip J. Levitz