Case No. 1:19-cv-02232-TJK

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA, *et al.*
*Plaintiffs*,

v.

DEUTSCHE TELEKOM AG, *et al.*
*Defendants.*

**BRIEF OF PREPAID WIRELESS GROUP, LLC AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS**

Steven A. Augustino
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 342-8400
saugustino@kelleydrye.com
D.C. Bar No. 439987

*Counsel for Prepaid Wireless Group, LLC*

Dated: January 31, 2020

## **TABLE OF CONTENTS**

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*United States v. SBC Commc'ns, Inc.*, 489 F. Supp. 2d 1 (D.D.C. 2007) ...................................... 2

**Statutes**

15 U.S.C.
    § 16(b) .............................................................................................................................. 1
    § 16(b)-(h) ........................................................................................................................ 2
    § 16(e)-(f) ......................................................................................................................... 3

**Administrative Decisions**

*Applications of T-Mobile US, Inc., and Sprint Corp. for Consent to Transfer Control of Licenses and Authorizations, et al.*, WT Docket No. 18-197, *et al.*, Memorandum Opinion and Order, Declaratory Ruling, and Order of Proposed Modification, 34 FCC Rcd 10578 (2019) ............................................................................................................................... 3

**Rules**

United States District Court for the District of Columbia Local Civil Rule 7(o) ........................... 2
    (o)(5) ................................................................................................................................ 1

Federal Rule of Appellate Procedure 29(a)(4) ............................................................................... 1

**Other Authorities**

Comments of Prepaid Wireless Group, WT Docket No. 18-197 (Aug. 28, 2018), available at
    https://ecfsapi.fcc.gov/file/108300381029207/PWG%20FCC%20comments%20FINAL.pdf . 1

I.     **STATEMENT OF IDENTITY AND INTEREST**

Prepaid Wireless Group, LLC ("PWG") is a provider of next-generation wireless service options. Specifically, PWG connects its Mobile Virtual Network Operator ("MVNO") partners to the extra capacity offered by wireless carriers, such as T-Mobile US, Inc. ("T-Mobile") and Sprint Corporation ("Sprint"). This arrangement encourages the carriers to compete to sell their excess capacity to MVNOs, who in turn compete for customers through affordable prepaid plans and other innovative wireless services. Through its partnerships, PWG facilitates the utilization of the nation's wireless networks to the benefit of consumers and service providers alike.

The U.S. Department of Justice ("USDOJ") filed a Proposed Final Judgment (the "Settlement") to remedy the alleged harms from the merger between T-Mobile and Sprint Corporation. ECF 44-1. That Settlement is now before this Court for review pursuant to the Antitrust Procedures and Penalties Act, otherwise known as the "Tunney Act."[1] PWG has been a longstanding supporter of the merger and respectfully asks the Court to approve the Settlement.[2] Through this brief,[3] PWG seeks to provide its unique perspective on the merger and advise the Court and USDOJ that the adoption of the Settlement would be in the public interest.

---

[1] 15 U.S.C. § 16(b) ("Any proposal for a consent judgment submitted by the United States for entry in any civil proceeding brought by or on behalf of the United States under the antitrust laws shall be filed with the district court before which such proceeding is pending . . . at least 60 days prior to the effective date of such judgment.").

[2] *See, e.g.*, Comments of Prepaid Wireless Group, WT Docket No. 18-197 (Aug. 28, 2018), available at https://ecfsapi.fcc.gov/file/108300381029207/PWG%20FCC%20comments%20FINAL.pdf (recommending the Federal Communications Commission approve the merger).

[3] Pursuant to Local Civil Rule 7(o)(5) incorporating Federal Rule of Appellate Procedure 29(a)(4), PWG states that: (1) its counsel authored this brief and (2) no party, party counsel, or any other person contributed money that was intended to fund preparing or submitting this brief. Prior to the filing of this brief, counsel for Defendant T-Mobile provided PWG with a draft *amicus* brief that repeated verbatim PWG's August 2018 comments before the Federal Communications Commission in an *amicus* brief format. However, PWG's *amicus* brief is not duplicative of its Federal Communications Commission comments and provides its position on the Settlement. The final brief represents PWG's view and opinions, and no other's.

PWG's support is based on its assessment that the merger would create a combined company, New T-Mobile, which would honor existing commercial arrangements while creating a robust 5G network that PWG's MVNO partners can leverage to keep wireless markets competitive throughout the United States.

PWG files this brief as *amicus curiae* in accordance with Local Civil Rule 7(o), the Court's January 10, 2020 Minute Order, and the Court's January 29, 2020 Minute Order.

## II.  SUMMARY OF ARGUMENT

Adoption of the Settlement would be in the public interest by fostering a competitive wireless market for the 5G era. By extending existing T-Mobile and Sprint agreements with MVNOs under their current terms and conditions for a minimum of seven years, the Settlement would preserve competition in the wireless market and put downward pressure on prices, particularly for lower-income subscribers to mobile voice and broadband services. The Settlement also would encourage the development of emerging eSIM technology on smartphones, which would spur competition by affording consumers greater portability and flexibility to switch wireless providers. In addition, the Settlement would foster the rapid deployment of a robust 5G network nationwide and create a strong third wireless competitor in rural America. PWG therefore respectfully asks the Court to approve the Settlement.

## III.  LEGAL STANDARD

The procedures governing acceptance of proposed judgments in civil antitrust cases are governed by the Tunney Act. 15 U.S.C. § 16(b)-(h). In reviewing the record, courts must consider supplemental evidence provided by *amici curiae*. *See, e.g., United States v. SBC Commc'ns, Inc.*, 489 F. Supp. 2d 1, 24 (D.D.C. 2007) (holding that the court's request for supplemental evidence and admission of interested parties to act as *amici curiae* showed that it developed a sufficient record for review under the Tunney Act). The Tunney Act provides this

Court with broad authority to gather evidence to make an informed decision that a settlement is in the public interest. *See* 15 U.S.C. § 16(e)-(f). This Court has been asked to review the Settlement between USDOJ, T-Mobile, Sprint, and Dish Network Corporation ("DISH") under the Tunney Act. ECF 2.

## IV. ARGUMENT

The Settlement will enable PWG to keep the wireless market competitive into the 5G era. First, subject to limited exceptions, the Settlement would require New T-Mobile to extend existing T-Mobile and Sprint agreements with MVNOs under their current terms and conditions for a minimum of seven years. ECF 44-1 at 20-21. By maintaining existing commercial relationships, the Settlement would ensure that carriers continue to compete to sell their excess wireless capacity, resulting in lower costs for PWG's MVNO partners.[4] These savings would then be passed on by the MVNOs to consumers through prepaid or otherwise low-cost wireless service plans. PWG submits that the seven-year commitment term is reasonable and would provide MVNOs with the market stability necessary to advance new and innovative wireless service offerings to consumers. Preserving existing commercial arrangements also would ensure that excess wireless capacity does not go underutilized, increasing the efficiency of the nation's wireless networks.

Second, the Settlement would require New T-Mobile (and DISH) to support emerging eSIM technology on smartphones and not to discriminate against devices that use remote SIM provisioning. *Id.* at 21-22. While eSIM technology is not widely deployed yet, the Settlement

---

[4] *See Applications of T-Mobile US, Inc., and Sprint Corp. for Consent to Transfer Control of Licenses and Authorizations, et al.*, WT Docket No. 18-197, *et al.*, Memorandum Opinion and Order, Declaratory Ruling, and Order of Proposed Modification, 34 FCC Rcd 10578, ¶ 292 (2019) (stating that seven-year commitment provided "confidence that the transaction is unlikely to cause competitive harm").

3

would encourage the development of this technology as it gains wider market acceptance. PWG's customers need to have access to the latest devices on the latest networks and, as new 5G wireless handsets and use cases come online, PWG will need to be able to provide its customers with access to the strongest array of 5G networks. By offering consumers greater portability and flexibility to switch providers on their devices, eSIM technology will help PWG to meet this goal and increase the number of service provider options available to MVNO customers.[5]

Third, allowing T-Mobile and Sprint to join forces would create an entity with the scale and spectrum needed to build a powerful nationwide network faster than otherwise possible. This rapid deployment will ensure that Americans have quicker access to the realm of 5G innovations that are sure to follow. Ensuring access to next-generation 5G networks is particularly important in rural America, where challenging terrain and low population densities often can complicate the case for deployment.[6] New T-Mobile's planned investment of nearly $40 billion, in the next three years alone, is expected to allow it to create a strong third wireless competitor in rural America. PWG believes that this investment from New T-Mobile will promote MVNO competition in the near-term with improved 4G coverage and lead to a competitive 5G market going forward across the entire nation, including in rural areas.

---

[5] *Id.* at ¶ 206 ("[T]he use of eSIM will tend to lower switching costs for wireless consumers.").

[6] *Id.* at ¶ 268 (finding that "expanded 5G connectivity arising from the proposed transaction . . . is likely to yield especially large benefits for rural communities where competition is often so limited, and gaps or shortcomings in local infrastructure often are so great").

4

## V.  CONCLUSION

For the foregoing reasons, PWG respectfully asks the Court to approve the Settlement.

Respectfully submitted,

*/s/ Steven A. Augustino*

Steven A. Augustino
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 342-8400
saugustino@kelleydrye.com
D.C. Bar No. 439987

*Counsel for Prepaid Wireless Group, LLC*

January 31, 2020