```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA, et al.,  CV No. 1:19-cv-02232-TJK

                  Plaintiffs,      Washington, DC
v.                                 Wednesday, March 4, 2020
                                   3:00 p.m.


DEUTSCHE TELEKOM AG, et al.,

                  Defendants.
- - - - - - - - - - - - - - - - - x
_____
            TRANSCRIPT OF TELEPHONE STATUS CONFERENCE
         HELD BEFORE THE HONORABLE TIMOTHY J. KELLY
                UNITED STATES DISTRICT JUDGE
_____
APPEARANCES VIA TELECONFERENCE:

For the Plaintiffs:   Frederick S. Young, Esq.
                      David J. Shaw, Esq.
                      U.S. DEPARTMENT OF JUSTICE
                      Antitrust Division
                      450 Fifth Street, NW
                      Suite 7000
                      Washington, DC 20530
                      (202) 514-5621

                      Lynette R. Bakker, Esq.
                      OFFICE OF THE ATTORNEY GENERAL OF KANSAS
                      120 SW 10th Avenue
                      2nd Floor
                      Topeka, KS 66612
                      (785) 368-8451

                      Patricia H. Wilton, Esq.
                      LOUISIANA DEPARTMENT OF JUSTICE
                      1885 North Third Street
                      Baton Rouge, LA 70802
                      (225) 326-6000

                      Rachel S. Brackett, Esq.
                      OFFICE OF THE ATTORNEY GENERAL OF FLORIDA
                      PL-01, The Capitol
                      Tallahassee, FL 32399
                      (850) 414-3300
```

```
    APPEARANCES VIA TELECONFERENCE CONTINUED:

For the Plaintiffs:   Devin Laiho, Esq.
                      COLORADO DEPARTMENT OF LAW
                      1300 Broadway
                      Seventh Floor
                      Denver, CO 80203
                      (720) 508-6000

                      Steven A. Augustino, Esq.
                      KELLEY DRYE & WARREN, LLP
                      3050 K Street, NW
                      Suite 400
                      Washington, DC 20007
                      (202) 342-8612

For the Defendants:   Mark W. Nelson, Esq.
                      David I. Gelfand, Esq.
                      CLEARY GOTTLIEB STEEN & HAMILTON LLP
                      2112 Pennsylvania Avenue, NW
                      Suite 1000
                      Washington, DC 20037
                      (202) 974-1500

                      Steven C. Sunshine, Esq.
                      SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                      1440 New York Avenue, NW
                      Washington, DC 20005
                      (202) 371-7860

                      David L. Meyer, Esq.
                      MORRISON AND FOERSTER LLP
                      2000 Pennsylvania Avenue, NW
                      Suite 6000
                      Washington, DC 20006
                      (202) 887-1500

                      Pantelis Michalopoulos, Esq.
                      STEPTOE & JOHNSON LLP
                      1330 Connecticut Avenue, NW
                      Washington, DC 20036
                      (202) 429-6494
```

```
    APPEARANCES VIA TELECONFERENCE CONTINUED:

For the Defendants:     Bradley P. Smith, Esq.
                        SULLIVAN & CROMWELL LLP
                        125 Broad Street
                        New York, NY 10004
                        (212) 558-1660

                        Melissa A. Scanlan, Esq.
                        T-MOBILE USA, INC.
                        12920 SE 38th Street
                        Bellevue, WA 98006
                        (425) 378-4000

Court Reporter:         Timothy R. Miller, RPR, CRR, NJ-CCR
                        Official Court Reporter
                        U.S. Courthouse, Room 6722
                        333 Constitution Avenue, NW
                        Washington, DC 20001
                        (202) 354-3111


Proceedings recorded by machine shorthand; transcript produced
by computer-aided transcription.
```

```
 1                      P R O C E E D I N G S
 2            THE DEPUTY CLERK:  Your Honor, this is civil
 3   matter 19-2232, United States of America, et al., v.
 4   Deutsche Telekom AG, et al.
 5            Will counsel please state your appearance for the
 6   record, beginning with the plaintiffs.
 7            MR. YOUNG:  Good afternoon, Your Honor.  This is
 8   Fred Young with the Department of Justice representing the
 9   Antitrust Division.
10            MS. BAKKER:  Good morning, Your Honor.  This is --
11   or good afternoon, Your Honor.  This is Lynette Bakker
12   representing the State of Kansas.
13            MS. WILTON:  Hello.  Patricia Wilton representing
14   Louisiana.
15            MS. BRACKETT:  Good afternoon, Your Honor.  My
16   name is Rachel Brackett and I'm with the State of Florida.
17            MR. LAIHO:  Good afternoon, Your Honor.  This is
18   Devin Laiho with the Colorado Department of Law on behalf of
19   Colorado Attorney General.
20            (Brief pause.)
21            THE DEPUTY CLERK:  Defense counsel?
22            MR. NELSON:  Yes.  Mark Nelson from Cleary
23   Gottlieb on behalf of T-Mobile and Deutsche Telekom.
24            MR. SUNSHINE:  Your Honor, good afternoon.  Steve
25   Sunshine from Skadden Arps representing Sprint.
```

1          MR. MEYER:  Your Honor, David Meyer, Morrison &
2   Foerster, representing Sprint and SoftBank.
3          MR. MICHALOPOLOUS:  Good afternoon, Your Honor.
4   Here is Pantelis Michalopoulos with Steptoe representing
5   Dish and with me are two of my clients, Jeff Blum and Hadass
6   Kogan, from Dish.
7          THE COURT:  All right.  Has everyone on the line,
8   then, introduced themselves?  Is there anyone on the line
9   who hasn't introduced themselves?  Let me put it that way.
10         MR. AUGUSTINO:  Yeah.  Good afternoon, Your Honor.
11  This is Steve Augustino on behalf of amicus Prepaid Wireless
12  Group, LLC, here out of an abundance of caution.
13         MR. GELFAND:  Your Honor, this is David Gelfand
14  from Cleary Gottlieb.  I'm one of Mr. Nelson's colleagues
15  and I'm on behalf of T-Mobile and Deutsche Telekom.
16         MR. YOUNG:  And, Your Honor, with me in the
17  conference room -- this is Fred Young from the Justice
18  Department.  With me in the conference room is David Shaw,
19  one of my colleagues, also on behalf of the United States.
20         MR. SMITH:  Good afternoon, Your Honor.  Brad
21  Smith from Sullivan & Cromwell, co-counsel for Dish.
22         MS. SCANLAN:  Good afternoon, Your Honor.  It's
23  Melissa Scanlan, in-house counsel at T-Mobile.
24         (Brief pause.)
25         THE COURT:  All right.  I think we've exhausted

1    everyone on the line.
2             All right.  Good afternoon to everyone.
3             And the reason we are here today is the parties
4    reached out to chambers and wanted to -- and thought that a
5    brief teleconference would be productive in order for, I
6    believe, the parties to, I think, inform me of something.
7    So I'm happy to hear you all, and I will -- I -- before I
8    turn it over to the parties to say whatever they would like
9    to, I want to just quickly address, also, the thing that I'm
10   sure is on all your minds which is to say that I am working
11   hard on getting you an opinion.  I am -- at this point, I
12   don't believe that a hearing will be necessary, and so for
13   all of you, just for your planning purposes, I guess I don't
14   want to say definitively that's the case and I may find that
15   I need some clarification on some point, but at least at
16   this point I'm not planning on scheduling a hearing.  So you
17   all should, just for your planning purposes, know that and
18   know that I'm doing my best to turn this around for you as
19   soon as I can.
20            So with that brief bit of information for you all,
21   I will turn it over to the parties for whatever reason they
22   wanted to have my attention today.
23            MR. NELSON:  Thank you, Your Honor.  This is Mark
24   Nelson from Cleary Gottlieb on behalf of T-Mobile and
25   Deutsche Telekom, again, and thank you for taking the time

1    for the status conference.
2             The -- you covered part of the purpose for the
3    call already, but the main purpose from our perspective was
4    both to check with you to see if there's any information the
5    parties can provide to assist the Court in reaching a
6    decision, but we also wanted to make sure Your Honor was
7    informed of some of the deadlines in the final judgment and
8    the potential impact of some of those, depending on the
9    timing of when the final judgment -- or the proposed final
10   judgment, when it's finalized.
11            So with respect to that, as others on the phone
12   can speak to as well, Paragraph -- or Section IV(A) of the
13   proposed final judgment has a 90-day deadline for providing
14   what's called cross-provisioning for Dish to be able to
15   activate customers on the T-Mobile network.  That 90-day
16   period doesn't start to run until the final judgment is
17   entered, and then the obligation of the parties to close the
18   Dish transaction -- the divestiture sale -- follows sometime
19   after that.  There are different deadlines that could kick
20   in, but it's between 15 days and 1 month, but the total of
21   those periods together could be as much as 4 months and, at
22   the back end of that, that, you know -- if we started from
23   today, that starts to push into July, and I just wanted the
24   Court to be aware that there's a walk-away date available to
25   Dish -- and I'm not saying Dish is going to necessarily

1        avail itself of that -- around the second half of July.  I
2        believe it's July 25th.
3                 And so we're starting to get closer to the
4        deadlines in the final judgment potentially having some
5        impact on deal certainty and we realize, you know, we can
6        try to accelerate some of these things and avoid that being
7        an issue but just wanted to make sure Your Honor was aware
8        of that as you're working on the decision, thinking about
9        the timing.
10                THE COURT:  All right.  Is that -- and so I was
11       aware.  I did see -- I'm glad for the parties to have
12       brought this all to my attention.  I did see somewhere
13       reported that July 25th deadline.  Obviously, we're not
14       going to come anywhere near that in terms of me getting up
15       -- getting you guys an answer.  But tell me what the 90 days
16       -- the 90 days plus the potential 15 to 30 days -- I mean,
17       those are periods of time that the parties have built in.
18       They could be -- if both parties want to -- put it this way.
19       What -- tell -- explain to me those two deadlines and
20       explain to me whether you're telling me that by, I guess
21       just roughly, if it's a four-month period we're looking at
22       that those two deadlines comprise, that, you know, it -- are
23       you saying that if -- let's just take March 25th as the --
24       as four months from July 25th.  Is there -- what problems
25       will arise if I don't have you an opinion by March 25th?

1          MR. NELSON:  So I think, on that, the main one is
2     the 90-day -- I mean, I asked for the call.  So I'm -- I
3     take -- took the lead on kicking things up, but I may hand
4     this to Dish to speak to more detail about the urgency of
5     the 90-day period, because they're the ultimate beneficiary
6     of that and they need to be planning their business around
7     -- some certainty around timing of when this
8     cross-provisioning can occur which, in effect, allows Dish
9     to start activating customers of its own onto the T-Mobile
10    network which, I think from their perspective, is a
11    prerequisite to entering the business and closing on the
12    divestiture transaction.  So with that, maybe, Dish can
13    speak to that.
14         MR. MICHALOPOLOUS:  If I may, Your Honor, this is
15    Pantelis Michalopoulos for Dish.
16         I agree -- Dish agrees completely with
17    Mr. Nelson's analysis.  And in addition to the desire for
18    deal certainty, I wanted to dwell a little bit more on the
19    importance of this 90-day -- for us and then one more
20    consideration, but let me, before doing so, express my great
21    appreciation for the hard work that is already evidently
22    underway and, certainly, your statement that your
23    preliminary, at least, view is that there's no need for a
24    further hearing was music to Dish's ears.  So thank you for
25    that.

1          And, as for the 90 days, it is a very important
2   ingredient of the remedy for Dish to be able to provision
3   the Boost customers, both existing and new ones, on
4   T-Mobile's network.  It is the ingredient that allows Dish
5   to compete better by offering higher quality service than
6   the Boost customers enjoy today.  So it is a -- it goes to
7   the effectiveness of Dish as a competitor for Dish to be
8   able to provision on the T-Mobile network sooner than later,
9   and hence our interest in this 90-day deadline setting in as
10  soon as possible.
11         And there's one more consideration here which is
12  that Dish is under quite stringent build-out milestones
13  which do not depend on the entry of the final judgment, and
14  so at the same time our business -- our ability to meet
15  those milestones does depend on having a final judgment, and
16  so there is a risk for a time squeeze.  To give you an
17  example, Dish has to have built a core of its operating
18  network and to have a network that covers 20 percent of the
19  nation's population by June 14th, 2022.  That is not subject
20  to extension based on the date of entry of the final
21  judgment, but at the same time, to do that, Dish has to
22  choose vendors to build its systems and -- those agreements
23  does depend on the final judgment entry.  So timing is
24  important to Dish for that reason, as well.
25              THE COURT:  All right.  Very well.  Is there

1    anyone -- I don't want to -- it sounds like it's mostly
2    Dish's equities at issue there.  Are -- does anyone else on
3    the line want to address either of those -- well,
4    particularly that 90-day deadline?
5            (Brief pause.)
6            All right.  And --
7            MR. YOUNG:  Your Honor --
8            THE COURT:  Go ahead.
9            MR. YOUNG:  Your Honor, just -- Fred Young from
10   the Justice Department.
11           We have the same interest in seeing a resolution
12   of the Court's decision but are participating here primarily
13   to enable T-Mobile and Dish to speak their piece to the
14   Court and just avoid an ex parte communication, but thank
15   you.
16           THE COURT:  All right. Very well.  And that's why
17   -- and the need to have -- well, let's put it this way.
18   The -- that's -- I appreciate everyone being on the line
19   here today.  I do think that it makes sense for all of our
20   proceedings to be on the record and fully transparent for
21   the public, and so I thought it best to proceed with having
22   all the parties on the line and even having some folks here
23   in the courtroom observing, if they so desire.
24           Let me ask, then -- then it sounds like -- let me
25   ask counsel for Dish, then.  Then it sounds like the

1  question of closing the transaction, the 15 days to 30 days,
2  that can be done -- that -- actually, that deadline can run
3  at the same time a 90-day deadline could run.  So really,
4  what you're saying is that -- the main point you're trying
5  to get across is that it's really 90 days -- you really need
6  those 90 days prior to July 25th to make sure you can be
7  prepared to close on time; is that fair?
8              MR. MICHALOPOLOUS:  That is correct, Your Honor.
9              THE COURT:  All right.  Well, as I said, we're
10 working hard to get you a ruling.  I will -- as I said, I
11 don't anticipate a hearing at this point and knowing that --
12 the mechanics that would need to -- you all would need to go
13 into that, I would let you know today if I thought one was
14 -- I would have let you already know if I thought one was
15 necessary.  If I do think that there's some smaller bit of
16 information -- some bit of information that I might need, I
17 will certainly not hesitate to reach out to the appropriate
18 party to get that additional piece of information, but other
19 than that we are working on getting you an opinion and you
20 all will -- you'll know when I have it.
21             Is there anything further, then, any party thinks
22 they -- any party -- anything further I -- any party wants
23 to -- any other point any party wants to make before I
24 excuse you all?
25             (Brief pause.)

1           All right.  Hearing none, as I said, I'll -- if I
2  need any further information, I will reach out to the
3  parties, but until then, counsel are dismissed.  Everyone
4  have a good afternoon.
5           THE DEPUTY CLERK:  All rise.  This Honorable Court
6  is adjourned.
7           (Proceedings concluded at 3:21 p.m.)
8                    * * * * * * * * * * * *
9               **CERTIFICATE OF OFFICIAL COURT REPORTER**
10 **I, TIMOTHY R. MILLER, RPR, CRR, NJ-CCR, do hereby certify that**
11 **the above and foregoing constitutes a true and accurate**
12 **transcript of my stenographic notes and is a full, true and**
13 **complete transcript of the proceedings to the best of my**
14 **ability, dated this 6th day of March 2020.**
15                          **/s/Timothy R. Miller, RPR, CRR, NJ-CCR**
                            **Official Court Reporter**
16                          **United States Courthouse**
                            **Room 6722**
17                          **333 Constitution Avenue, NW**
                            **Washington, DC 20001**