UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DEUTSCHE TELEKOM AG, et al., <br><br> *Defendants*. | Civil Action No. 1:19-cv-02232-TJK |

**NOTICE OF DE MINIMIS MODIFICATION OF DIVESTED ASSETS**

The United States of America respectfully provides notice that it exercised its discretion under the Final Judgment in this action (Dkt. 85) to grant a joint request from T-Mobile US, Inc. ("T-Mobile") and DISH Networks Corporation ("DISH") to permit T-Mobile to retain certain Boost subscribers who otherwise would have been included in the Prepaid Assets divested to DISH. *See* F. Young (DOJ) Letter to M. Nelson (T-Mobile) and J. Blum (DISH), May 29, 2020, attached as Exhibit 1. This joint request was prompted by a provision in the order of the California Public Utilities Commission ("CPUC") approving the merger of T-Mobile and Sprint Corporation ("Sprint"). *See* M. Nelson and J. Blum, Letter to F. Young, May 27, 2020, attached as Exhibit 2. The CPUC directed T-Mobile to make a good faith effort to secure any necessary approvals from the Federal Communications Commission ("FCC") and Department of Justice to maintain the Boost customer base currently receiving service under the California LifeLine Pilot Program and avoid their transfer to DISH under the terms of the divestiture. *Id.*; *see also* M.

Batjer (CPUC) Letter to M. Dortch (FCC), May 15, 2020 ("CPUC Letter"), attached as Exhibit 3.

The Final Judgment in this matter provides that the "divestitures pursuant to this Final Judgment will include the entire Divestiture Assets" "[u]nless the United States otherwise consents in writing." Final Judgment at § IV.E (Dkt. 85). The Final Judgment also provides that the divestitures are to be "accomplished in such a way as to satisfy the United States, in its sole discretion, that the Divestiture Assets can and will be used by Acquiring Defendant as part of a viable, ongoing operation relating to the provision of retail mobile wireless service" and that "none of the terms of any agreement between Acquiring Defendant and Divesting Defendants gives the Divesting Defendants the ability unreasonably to raise the Acquiring Defendant's costs, to lower the Acquiring Defendant's efficiency, or otherwise to interfere with the ability of the Acquiring Defendant to compete." *Id.*

As explained in Exhibit 1, the Department concluded, *inter alia*, that T-Mobile's retention of these subscribers will not undermine DISH's ability to operate a viable, ongoing retail mobile wireless service or give T-Mobile the ability unreasonably to raise DISH's costs, lower its efficiency, or interfere with its ability to compete. These 11,000 subscribers represent a de minimis fraction of the more than nine million subscribers divested. T-Mobile's agreement to retain these subscribers relieves DISH of the obligations to provide service at "below market rates" and to invest the time and resources to work with the CPUC to modify the existing authorization and receive permission to continue operating the pilot programs. CPUC Letter at 2. Thus, the Department concluded that T-Mobile's agreement has the effect of improving DISH's competitiveness as it enters the retail mobile wireless business.

The FCC likewise determined that the joint request for T-Mobile to retain these Boost LifeLine subscribers in response to the CPUC's request was permissible under its Order approving the merger between T-Mobile and Sprint with conditions. *See* C. Mathias (FCC) and C. Matraves (FCC) Letter to K. Hamm (T-Mobile) and J. Blum (DISH), May 29, 2020, attached as Exhibit 4, *available at* https://www.fcc.gov/sites/default/files/boost-divestiture-letter-t-mobile-sprint-05292020.pdf.

The Prepaid Assets Divestiture provided for in the Final Judgment, with the modification described herein, closed on July 1, 2020.

Dated: July 2, 2020

                                                     Respectfully submitted,

                                                     /s/
                                              _____
                                              Frederick S. Young
                                              D.C. Bar No. 421285
                                              Trial Attorney
                                              Telecommunications and Broadband Section
                                              Antitrust Division
                                              U.S. Department of Justice
                                              450 Fifth Street NW, Suite 7000
                                              Washington, D.C. 20530
                                              Telephone: (202) 307-2869

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020 I caused a copy of the foregoing document and accompanying exhibits to be served by ECF on all counsel who have appeared in this matter.

/s/  Frederick S. Young
Frederick S. Young
D.C. Bar No. 421285
Trial Attorney
U.S. Department of Justice
Antitrust Division
450 5th Street, NW, Suite 7000
Washington, DC 20530
Tel: 202-307-2869