## DESCRIPTION OF TRANSACTION
## AND PUBLIC INTEREST STATEMENT

By the filing of this application (the "Application"), the licensee subsidiary of T-Mobile US, Inc. identified in the attached FCC Form 603 ("T-Mobile" or "Assignor") and American H Block Wireless Holding L.L.C., a subsidiary of DISH Network Corporation ("DISH" or "Assignee" and collectively with T-Mobile, the "Parties") hereby request Federal Communications Commission ("FCC" or "Commission") approval for the assignment from T-Mobile to DISH of the 800 MHz licenses identified in the attached form and associated filings (the "FCC Licenses").[1]

### Description of the Parties

DISH is a provider of wireless service, as well as a distributor of video programming through its direct broadcast satellite and over-the-top streaming services. DISH has been found by the Commission to be qualified to hold licenses in a variety of mobile broadband services.[2] A FCC Form 602 providing current ownership information for Assignee is on file with the Commission.[3]

Assignor is a wholly owned subsidiary of T-Mobile US, Inc. ("T-Mobile US"), a publicly traded company and part of the family of companies that provides nationwide wireless service under the T-Mobile® brand names. Deutsche Telekom AG ("DT") has *de facto* control over T-Mobile US – and thus Assignor – as a result of proxy agreements that authorize DT to vote a majority of the stock of T-Mobile US.

### Description of the Transaction and Public Interest Statement

As part of the Final Judgment adopted by the United States District Court for the District of Columbia in connection with the T-Mobile/Sprint merger, the Department of Justice ("DOJ") required T-Mobile to divest the 800 MHz licenses it acquired from Sprint,[4] and T-Mobile and

---

[1] The instant Application is part of a series of applications seeking Commission consent to assign 800 MHz licenses to DISH from various licensee subsidiaries of T-Mobile US. The file numbers for the related applications are as follows: (i) T-Mobile License LLC to American H Block Wireless Holding L.L.C. 0010656982; (ii) Nextel West Corp. to American H Block Wireless Holding L.L.C. 0010656984; (iii) Nextel South Corp. to American H Block Wireless Holding L.L.C. 0010656986; (iv) and T-Mobile USA, Inc. to American H Block Wireless Holding L.L.C. 0010656988.

[2] *See, e.g., Service Rules for Advanced Wireless Services in the 2000-2020 MHz and 2180-2200 MHz Bands, et al.,* Order of Modification, 28 FCC Rcd. 1276, 1278 ¶ 9 (WTB 2013); *see also Auction of H Block Licenses in the 1915-1920 MHz and 1995-2000 MHz Bands Closes; Winning Bidder Announced for Auction 96*, Public Notice, 29 FCC Rcd. 2044, 2052 (WTB 2014).

[3] *See* FCC File No. 0010657795.

[4] *United States of America et al., v. Deutsche Telekom AG, T-Mobile US, Inc., Softbank Group Corp., Sprint Corporation, and DISH Network Corporation*, Final Judgment, Case No. 1:19-cv-02232, at 11-13, 18-19 (D.D.C) (April 1, 2020) ("Final Judgment").

DISH accordingly entered into a License Purchase Agreement, dated July 1, 2020, pursuant to which the FCC Licenses are to be assigned from T-Mobile to DISH (the "Transaction"), consistent with the terms of the Final Judgment and subject to the consent of the FCC.

Grant of the Application will further important public interest benefits well-recognized by the Commission.  In its order approving the T-Mobile/Sprint merger, the Commission explicitly recognized the benefits of DISH entering the market as the fourth nationwide, facilities-based provider deploying a 5G network.  Specifically, the Commission found that DISH's acquisition of the assets set forth in the Final Judgment (including the 800 MHz spectrum at issue here) would provide it with "the means to provide nationwide service on a competitive 5G network" and that DISH's entry into the market in this manner would "promote competition" and provide DISH with the incentive to "grow market share and provide robust competition."[5]  The terms of the Final Judgment are designed to facilitate DISH's entry into the wireless market as a facilities-based provider and grant of the instant Application would further this important objective and enhance competition in the mobile wireless marketplace by making DISH a stronger competitor in the offering of mobile voice and broadband services.

Indeed, DISH has already advanced these public interest benefits through its 5G deployment, which covers over 73 percent of the United States population as of June 14, 2023.[6]  As DISH continues to deploy and increase coverage with this first-of-its-kind network, it will expand the availability of competitive services offered to both consumer and business customers.  The 800 MHz spectrum licenses contemplated by this transaction will substantially enhance DISH's ability to do so.  As the DOJ's Competitive Impact Statement recognized, these licenses will "add to DISH's existing spectrum assets in order to ensure DISH has sufficient spectrum to meet its buildout and service requirements and provide mobile wireless service to customers."[7]

In addition to the benefits described herein, grant of the Application does not raise any competitive or public interest concerns.  The Commission has previously determined that applications that on their face demonstrate that a transaction meets the public interest standard and will violate neither the Act or Commission rules, nor undermine Commission policies, do not require extensive review.[8]  The instant Application plainly meets this standard.  Therefore, the Commission should act swiftly to grant the Application.

---

[5] *See Applications of T-Mobile US, Inc., and Sprint Corporation, For Consent To Transfer Control of Licenses and Authorizations*, Memorandum Opinion and Order, Declaratory Ruling, and Order of Proposed Modification, 34 FCC Rcd. 10578, 10741-42 ¶¶ 372, 374 (2019).

[6] *See* DISH Network Corporation 5G Buildout Status Report, WT Docket No. 22-212 (July 14, 2023).

[7] *United States of America et al., v. Deutsche Telekom AG, et al.*, Competitive Impact Statement, Case No. 1:19-cv-02232, at 9 (D.D.C) (filed July 26, 2019).

[8] *See Applications for Consent to the Transfer of Control of Licenses and Section 214 Authorizations from Tele-Communications, Inc. to AT&T Corp.*, Memorandum Opinion and Order, 14 FCC Rcd. 3160, 3170 ¶ 16 (1999); *see also Applications of Ameritech Corp. and SBC Commc'ns Inc., et al.*, Memorandum Opinion and Order, 14 FCC Rcd. 14712, 14740-41 ¶ 54 (1999).

## Statement of No Environmental Impact

As required by Section 1.923(e) of the Commission's rules,[9] the Parties state that the assignment of the FCC Licenses will not have a significant environmental effect, as defined by Section 1.1307 of the Commission's rules.[10] An assignment of licenses does not involve any engineering changes and, therefore, cannot have a significant environmental impact.

## Conclusion

Accordingly, the Parties respectfully submit that Assignee is qualified to hold the applicable spectrum licenses referenced herein and that approval of the requested license assignments will serve the public interest, convenience, and necessity.[11] The Parties respectfully request that the Commission grant the instant Application expeditiously and without conditions.

---

[9] 47 C.F.R. § 1.923(e).

[10] 47 C.F.R. § 1.1307.

[11] *See Promoting Efficient Use of Spectrum Through Elimination of Barriers to the Development of Secondary Markets*, Report and Order and Further Notice of Proposed Rulemaking, 18 FCC Rcd. 20604 (2003).