UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              *Plaintiff*,<br><br>v.<br><br>DEUTSCHE TELEKOM AG, *et al.*,<br><br>                              *Defendants*. | Case No. 1:19-cv-02232 (TJK) |

**DECLARATION OF STEVEN L. HOLLEY**
**IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE***

1. My name is Steven L. Holley, counsel for defendant DISH Network Corporation. I am a partner of the law firm of Sullivan & Cromwell LLP.

2. My office is located at 125 Broad Street, New York, New York 10004. My office telephone number is (212) 558-4000.

3. I am a member in good standing of the Bar of the State of New York, as indicated in the attached Certificate issued on June 14, 2023. I also am admitted to practice in the United States District Courts for the Eastern and Southern Districts of New York, the District of Connecticut, and the Eastern District of Michigan; the United States Courts of Appeals for the First, Second, Third, Fourth, Sixth, Ninth, Tenth, and D.C. Circuits; the United States Tax Court; and the United States Supreme Court.

4. On August 23, 2001, I was publicly censured by the Supreme Court of the State of New York, Appellate Division, First Department for violating DR 1 108(A)(8) of the New York Lawyer's Code of Professional Responsibility by mistakenly providing a copy of a sealed complaint in a private civil action to a journalist. *Matter of Holley*, 285 A.D.2d 216, 729 N.Y.S.2d 128 (2001). It was undisputed that the complaint bore no indication on its face that it

had been filed under seal. It was also undisputed that neither the journalist who asked me for the complaint nor the associate of my firm who provided me with a copy told me that—contrary to normal expectations in a civil case—the pleading was not a public document. While I should have been more careful, there was no allegation that I acted with venal intent or engaged in an inexcusable pattern of neglect. As the First Department acknowledged, the notion that such an isolated mistake could constitute "conduct that adversely reflects on the lawyer's fitness to practice law" under the "catch-all" provision of DR 1 108(A)(8) was a question of first impression at the time the public censure was imposed. I have never been the subject of any other disciplinary action by any other court.

5. I have not been admitted to practice *pro hac vice* before this Court in any case commenced within the past two years. Previously, I was admitted to practice *pro hac vice* before this Court to serve as counsel to Bayer AG ("Bayer") in *United States* v. *Bayer AG*, Case No. 1:18-cv-01241 (JEB) on May 29, 2018, and to DISH Network Corporation ("DISH") in this action, *United States* v. *Deutsche Telekom AG, et al.*, Case No. 1:19-cv-02232 (TJK) on July 29, 2019. On March 30 and March 31, 2022, I withdrew my appearances for Bayer and DISH, respectively, because in 2022 I left Sullivan & Cromwell LLP to work as a non-lawyer for a period of time. I returned to Sullivan & Cromwell LLP on January 1, 2023.

6. I do not engage in the practice of law from an office located in the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 17, 2023
       New York, New York

Respectfully submitted,

*/s/ Steven L. Holley*

Steven L. Holley
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: holleys@sullcrom.com