UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>        *Plaintiff*,   )<br>  v.                  )   Case No. 1:19-cv-02232 (TJK)<br>  )<br>DEUTSCHE TELEKOM AG, *et al.*,   )<br>  )<br>        *Defendants*.   ) | |

## MOTION FOR LEAVE TO PARTICIPATE IN BRIEFING AS AMICUS CURIAE

Pursuant to Local Civil Rule 7(o), Burns & McDonnell Engineering Company, Inc. ("Burns & McDonnell"), by and through its undersigned counsel, respectfully seeks leave to participate as amicus curiae in opposing DISH Network Corporation's motion for relief from judgment (ECF 94). As a potential alternative purchaser of the spectrum that DISH is apparently unable to purchase by the already-extended deadline, Burns & McDonnell has a critical interest in both the underlying controversy and the outcome of DISH's motion, and no other party adequately represents that interest. Burns & McDonnell's brief will thus meaningfully assist this Court in understanding the full context of DISH's request—including the significant interests of parties not currently before the court—in adjudicating the pending motion.

Counsel for Burns & McDonnell has sought the position of the parties as to the motion for leave to file an amicus brief and received the following responses: the United States Department of Justice and the State of Florida consent; the States of Arkansas, Nebraska, and Texas do not object; and DISH, T-Mobile and the State of South Dakota take no position. As of the time of this filing, counsel for Burns & McDonnell has not received responses from the States of Colorado, Kansas, Louisiana, Ohio, or Oklahoma.

I.     **NATURE OF MOVANT'S INTEREST**

Burns & McDonnell is a 100% employee-owned engineering, architecture, construction, environmental, and consulting solutions company. The company, which is headquartered in Kansas City, Missouri, has a significant presence in almost every state, with more than 70 offices and nearly 14,000 employees. Guided by the philosophy that safe, essential infrastructure is the foundation of a flourishing society, Burns & McDonnell has been developing critical infrastructure for 125 years, including in the telecommunications, aviation, transportation, water management, military operations, manufacturing, and energy and utilities sectors.

Burns & McDonnell has a critical interest in the underlying controversy because the company is a potential purchaser of the 800 MHz Spectrum Licenses at issue, and has been planning for years to purchase the spectrum at auction if DISH declines to exercise its option by the August 30 deadline. As DISH acknowledges, "[i]f DISH is not granted this extension and is unable to purchase the 800 MHz spectrum, T-Mobile is obligated under the Final Judgment to auction these licenses." Mot. at 4. But DISH states incorrectly that "[a]ny other likely acquirer would be one of the two remaining facilities-based nationwide wireless carriers, compounding the market power of AT&T, Verizon, and T-Mobile . . . ." *Id.*

In reality, as Burns & McDonnell would explain further in its brief, Burns & McDonnell (which is not a facilities-based nationwide wireless carrier) is a likely purchaser. Burns & McDonnell has not only the desire to purchase the spectrum licenses, but also the ability to do so at auction. Over the past three years in which DISH has declined to exercise its purchase option, Burns & McDonnell has put together a team, with American-led financing, that has the financial scale and operational expertise to acquire the spectrum and put it to good use. Specifically, Burns & McDonnell is committed to leveraging the nationwide spectrum for targeted community benefit enabling critical infrastructure operators like electric utilities to deploy wireless broadband

networks.  Not only will this bolster the reliability, resiliency, and security of our nation's critical infrastructure, but these infrastructure operators are in an excellent position to aid in closing the digital divide with 5G and Open Radio Access technologies because of their commitments to serving all their customers with essential goods and services.  Burns & McDonnell also sees value in unlocking portions of spectrum for regional and smaller wireless carriers to enable stronger, localized competition and consumer choice.

Accordingly, Burns & McDonnell has a strong interest in ensuring that this Court denies DISH's motion and keeps DISH and all other parties to the terms of the already-extended deadline set forth in the Court's Order.

## II.     REASONS FOR GRANTING LEAVE TO FILE

The proposed amicus brief is desirable because it would explain the deleterious consequences if this Court were to grant DISH's motion.  Burns & McDonnell will provide detail regarding its business interests, its ability to purchase the spectrum, and the steps it has taken over several years to purchase the spectrum at auction in the event that DISH declines to exercise its option.  In doing so, Burns & McDonnell will explain why granting DISH's motion for relief from the judgment will prejudice Burns & McDonnell (and potentially other third parties) while also harming competition and the public interest—undermining DISH's core argument.

No existing party can adequately represent Burns & McDonnell's interest.  DISH's interest in a ten-month extension to enjoy the exclusive right to purchase the spectrum is obviously incompatible with Burns & McDonnell's competing interest in purchasing the spectrum as soon as practicable.  And Burns & McDonnell can speak to its own interest and abilities as a potential purchaser better than T-Mobile, the potential seller.  The federal and state government parties are yet to take a position on DISH's motion.  If they oppose the motion, Burns & McDonnell can nevertheless provide additional perspective as a private party with an interest in purchasing the

spectrum.

Granting Burns & McDonnell leave to file an amicus brief will not prejudice any party or delay the Court's consideration of DISH's motion. Burns & McDonnell is prepared to submit its amicus brief by the deadline for T-Mobile and other parties to file briefs in opposition, or at any other time the Court orders.

For the foregoing reasons, the court should grant Burns & McDonnell leave to file an amicus brief opposing DISH's motion for relief from the judgment by the date that T-Mobile files its brief in opposition, or at any other time the Court orders.

Dated:  August 21, 2023                                  Respectfully submitted,


                                                   */s/ James E. Tysse*
James E. Tysse
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 887-4571
Fax: (202) 887-4288
Email: jtysse@akingump.com
D.C. Bar. No. 978722

*Counsel for Burns & McDonnell Engineering Company, Inc.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Local Civil Rule 7(o)(5), Rule 29(a)(4) of the Federal Rules of Appellate Procedure, and Rule 26.1(a) of the Federal Rules of Appellate Procedure, I, the undersigned, counsel of record for Burns & McDonnell Engineering Company, Inc., certify that to the best of my knowledge and belief, Burns & McDonnell Engineering Company, Inc. is a wholly owned subsidiary of Burns & McDonnell, Inc.

*/s/ James E. Tysse*
James E. Tysse
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 887-4571
Fax: (202) 887-4288
Email: jtysse@akingump.com

*Counsel for Burns & McDonnell Engineering Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record via electronic mail.

/s/ James E. Tysse
James E. Tysse
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 887-4571
Fax: (202) 887-4288
Email: jtysse@akingump.com

*Counsel for Burns & McDonnell Engineering Company, Inc.*