# EXHIBIT J

DISH Network Corporation
9601 S. Meridian Boulevard
Englewood, CO 80112
Attn: General Counsel
Email: tim.messner@dish.com; jeffrey.blum@dish.com; thomas.cullen@dish.com

with a copy (which shall not constitute notice) to:

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Attn: Scott Miller and Scott Crofton
Email: millersc@sullcrom.com; croftons@sullcrom.com

**RE: Notice of Default under the License Purchase Agreement by and between T-Mobile USA, Inc. and DISH Network Corporation**

Dated: August 19, 2023

Ladies and Gentlemen:

Reference is made to the License Purchase Agreement, dated as of July 1, 2020 (the "Purchase Agreement"), by and among T-Mobile USA, Inc. ("Seller") and DISH Network Corporation ("DISH"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Purchase Agreement.

Following T-Mobile's last letter dated August 10, 2023, which issued a pending notice of termination of the Purchase Agreement effective August 17, 2023, as a result of DISH's failure to file with the FCC all applications and notifications necessary to consummate the transactions contemplated by the Purchase Agreement, DISH proceeded to engage with T-Mobile on making such filings and made such required filings with the FCC on Wednesday, August 16, 2023. At the same time, and without informing T-Mobile, DISH was engaging in conduct that amounted to additional material breaches of the Purchase Agreement. Such conduct culminated in DISH's filing of its Opposed Motion for Relief from Judgment in the matter of *United States of America v. Deutsche Telekom AG, et al.*, Case No. 1:19-cv-02232-TJK (D.D.C. Aug. 23, 2017) (ECF 74) (such filing, the "Motion").

Seller hereby notifies DISH that it is in material breach of the Purchase Agreement with respect to its obligations under the following sections of the Purchase Agreement:

1. Section 5.1 (Covenants of Purchaser and Seller Pending the Closing). Pursuant to Section 5.1 of the Purchase Agreement, DISH is required to "*use reasonable best efforts* to take,



or cause to be taken, all actions, and do, or cause to be done, all things necessary, proper or advisable and consistent with applicable Law to carry out all of their respective obligations under the [Purchase Agreement] and *to consummate the transactions* contemplated hereunder as contemplated herein *as soon as reasonably practicable after the Filing Deadline* [emphasis added]." In seeking a ten-month extension from the Court for DISH to close on the purchase of the Seller Licenses, DISH's filing of the Motion is in direct contravention of Section 5.1, does not constitute anything close to "reasonable best efforts," and amounts to a material breach of the Purchase Agreement.

2. <u>Section 5.5(a) (Governmental Filings)</u>. Similarly, pursuant to Section 5.5(a) of the Purchase Agreement, DISH is required to use its "reasonable best efforts to take all such actions and do or cause to be done all things, necessary, appropriate or advisable to obtain the FCC Consents as soon as reasonably practicable after the Filing Deadline." In seeking a ten-month extension to close on the purchase of the Seller Licenses, DISH has taken action that will undermine any argument made by the Parties for urgency in the FCC's review of our application for the transfer of the Seller Licenses. Thus, DISH's filing of the Motion is in direct contravention of Section 5.5(a) and amounts to a material breach of the Purchase Agreement.

3. <u>Section 5.6 (Financing)</u>. Pursuant to Section 5.6 of the Purchase Agreement, DISH is required to use "commercially reasonable efforts to ensure that the Financing (i.e., the payment of the Purchase Price in full) is available at the Closing." DISH's Motion makes it clear that it does not intend to seek the Financing in the near term. In fact, DISH admits that it will not have the Financing in place by the end of this year.  (Motion at 5).   But given the required filings for the FCC Consent have been made, the Parties can reasonably expect that the Closing could be triggered before that date and well in advance of the end of the ten-month extension that DISH requested in its Motion. As such, DISH's failure to pursue the Financing at this time is not using commercially reasonable efforts to ensure that the Financing is available at the Closing and is a material breach of the Purchase Agreement. Under the same section, DISH is also required to keep T-Mobile "informed in reasonable detail of the status of its efforts to arrange any Financing." On August 16, 2023, T-Mobile requested DISH provide such an update, and DISH responded on August 17, 2023, declining to do so. As such, DISH is in material breach of Section 5.6 of the Purchase Agreement on two distinct bases.

4. <u>Section 9.2 (Further Assurances)</u>. Finally, pursuant to Section 9.2 of the Purchase Agreement, DISH agreed to "use reasonable best efforts to cooperate with [T-Mobile] and to take, or cause to be taken, all appropriate action, do or cause to be done all things necessary, proper or advisable under applicable Law, and execute and deliver such documents and other instruments, in each case as may be required to consummate the transactions contemplated [under the Purchase Agreement]." DISH's filing of the Motion and its failure to use commercially reasonable efforts to obtain financing or provide details regarding such efforts do not constitute "reasonable best efforts" to cooperate with T-Mobile and to consummate the transactions contemplated by the Purchase Agreement. Thus, DISH is in material breach of Section 9.2 of the Purchase Agreement.



Under Section 7.1(a)(v) of the Purchase Agreement, DISH has 30 days to cure such material breaches.

Based on the representations DISH made to the Court in the Motion, it seems clear that DISH does not intend to perform its obligation to close the transactions under the Purchase Agreement within five business days of obtaining FCC approval as required under Section 2.3(a) thereof. If we are mistaken, we ask that you provide us with adequate assurances that DISH intends to perform its obligation to close the transactions.

Seller reserves all rights and remedies at law and in equity in connection with the Purchase Agreement and nothing in this letter shall be deemed to limit or waive any such rights and remedies.

Sincerely,

By: _____
Name: Mark Nelson
Title:  Executive Vice President & General Counsel