UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          *Plaintiff*,<br><br>   v.<br><br>DEUTSCHE TELEKOM AG, *et al.*,<br><br>          *Defendants*. | Case No. 1:19-cv-02232 (TJK) |

**CONSENT MOTION TO MODIFY FINAL JUDGMENT**

Plaintiff United States and Defendants T-Mobile US, Inc. ("T-Mobile"), Deutsche Telkom AG ("Deutsche Telekom"), and DISH Network Corporation ("DISH"), and without opposition from any party to this case,[1] respectfully move the Court to grant this Consent Motion to Modify Final Judgment ("Motion") and enter the Proposed Amended Final Judgment ("Proposed AFJ") attached hereto as Exhibit 1. This Motion and entry of the Proposed AFJ moots DISH's motion to modify the Final Judgment (Dk. 94) and related briefing and resolves all disputed issues between T-Mobile and DISH currently before this Court.

**BACKGROUND**

The Final Judgment provides that T-Mobile must "within three (3) years after the closing of the divestiture of the Prepaid Assets or within five (5) business days of the approval by the FCC of the transfer of the 800 MHz Spectrum Licenses, whichever is later, [] divest the 800 MHz Spectrum Licenses in a manner acceptable to the United States, in its sole discretion,

---

[1] The States of Arkansas, Colorado, Nebraska, and Oklahoma consent to this motion. Softbank Group Corp. and the States of Florida, Kansas, Louisiana, Ohio, South Dakota, and Texas do not object to this motion.

after consultation with the affected Plaintiff States." Final Judgment § IV.B.1. The Final Judgment gives DISH the option to acquire the spectrum, but if DISH does not purchase it T-Mobile "shall conduct an auction of the 800 MHz Spectrum Licenses within six (6) months of [DISH's] declining to purchase the licenses." Final Judgment § IV.B.4.

To effectuate the sale of the spectrum from T-Mobile to DISH, the parties entered into a License Purchase Agreement ("LPA"), which was disclosed to the United States pursuant to § XVI.D of the Final Judgment. The LPA required DISH to apply to the FCC for transfer of the spectrum licenses by April 1, 2023, so that the transfer could be complete by July 1, 2023, the original deadline under § IV.B.1 of the Final Judgment.

T-Mobile and DISH have agreed to modify their LPA, and the United States has consented to an Amended Final Judgment. The changes can be summarized as:[2]

- The deadline for DISH to close on its acquisition of the 800 MHz spectrum is extended to April 1, 2024, contingent on timely payment by DISH of a nonrefundable $100 million Extension Fee to be paid in accordance with the LPA, as amended on October 15, 2023.[3] Proposed AFJ at Secs. IV.B.1, II.H, II.L.

---

[2] For the avoidance of doubt, this overview is a summary of the parties' agreement, which is reflected in the Proposed AFJ and the LPA, as amended. The redline submitted here as Exhibit 2 shows all proposed changes from the Final Judgment as entered by the Court on April 1, 2020. Although the amendments to the LPA have been executed by the parties, the signatures are being held in escrow and the Extension Fee will not become due until the Proposed AFJ is entered by the Court.

[3] The United States has reviewed and consents to proposed amendments to the LPA pursuant to Sec. XVI.D of the Final Judgment. Business agreements among parties and/or non-parties that are entered to effectuate consent decrees do not require court approval and customarily are not submitted to the court. Although the Final Judgment requires that parties obtain the United States' consent to amendments to their business agreements, the Final Judgment does not require

- If either (a) DISH fails to pay T-Mobile the Extension Fee in a timely manner as required under the LPA or (b) the sale of the 800 MHz Spectrum Licenses contemplated by the LPA has not occurred by April 1, 2024, and notwithstanding any other provision in the Amended Final Judgment, the LPA will automatically terminate unless T-Mobile and DISH mutually agree otherwise to extend the terms, with any such extension being subject to the consent of the United States. Proposed AFJ at Sec. IV.B.1.

- Notwithstanding any other provision in the Amended Final Judgment, there shall be no extension of the Closing Deadline for any reason, whether foreseeable or not, except at the sole discretion of T-Mobile and with the consent of the United States. Proposed AFJ at Sec. IV.B.1.

- If DISH does not purchase the spectrum, and except as otherwise provided for in Paragraph IV.B.4 of the Final Judgment including the auction reserve price, T-Mobile must divest it to an alternative purchaser to be determined by auction, which must be conducted within six months of DISH declining to purchase the licenses or by October 1, 2024, whichever is earlier. Proposed AFJ at Sec. IV.B.4.

- T-Mobile may solicit interested buyers and conduct an auction of the spectrum at any time after entry of the Amended Final Judgment, but it may not complete the sale of the spectrum pursuant to such auction on or before April 1, 2024, unless DISH has informed T-Mobile and the United States that it will not be purchasing the spectrum. Proposed AFJ at Sec. IV.B.4.

---

the parties to obtain Court approval. For the Court's information, the LPA amendment is attached here as Exhibit 3. The original LPA was previously submitted by T-Mobile as an exhibit to its brief, *see* T-Mobile Opposition Ex. B.

Taken together, the proposed modifications to the Final Judgment provide DISH additional time to purchase the spectrum, subject to payment of the Extension Fee, provide T-Mobile with the opportunity to begin auction preparations during the extended option period, and provide certainty to the parties, the public, and the Court that DISH will be entitled to no further extensions for any reason if it does not acquire the spectrum on or before April 1, 2024.

**ARGUMENT**

This Court has jurisdiction to modify the Final Judgment pursuant to Section XVII of the Final Judgment,[4] Federal Rule of Civil Procedure 60(b)(5), and the Court's inherent authority to enforce its lawful orders, including the "power to construe and interpret the language of the judgment"[5] and to modify a decree of injunctive relief.[6] Where all parties to the agreement consent to the modification, a court need only review the modification to ensure that it is in the "public interest." *United States v. Western Elec. Co.*, 900 F.2d 283, 305 (D.C. Cir. 1990) ("[W]hen all parties to a decree assent to a particular modification, the relevant inquiry for the court is whether the resulting array of rights and liabilities comports with the 'public interest'"). "This standard is necessarily deferential, as the expertise of the Antitrust Division must be

---

[4] Section XVII of the Final Judgment states that the Court "retains jurisdiction to enable any party to this Final Judgment to apply to the Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions." Final Judgment § XVII, Dk. 85 (Apr. 1, 2020).

[5] *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 12 (D.D.C. 2004).

[6] *New York v. Microsoft Corp.*, 531 F. Supp. 2d 141, 167 (D.D.C. 2008) (finding that in addition to authority under a final judgment, "[t]he Court may also modify the Final Judgments under its power in 'equity to modify a decree of injunctive relief,' which the D.C. Circuit has described as 'long-established, broad, and flexible.'" (quoting *United States v. Western Elec. Co.*, 46 F.3d 1198, 1202 (D.C. Cir. 1995)).

respected as long as all interested parties consent to the modification." *United States v. Baroid Corp.*, 130 F. Supp. 2d 101, 103 (D.D.C. 2001).

Entry of the Proposed Amended Final Judgment is in the public interest. The Final Judgment was designed from the outset to provide DISH the first opportunity to purchase the spectrum, and as such is consistent with this Court's original public interest determination regarding T-Mobile's spectrum divestiture. The extended date for DISH to acquire the spectrum, April 1, 2024, was set forth in the original LPA as the outside date for DISH's acquisition. The parties' agreement also serves the public interest by conserving judicial resources in that the Court will not be required to adjudicate the issues in the pending motions, and it avoids the possibility of future disputes requiring court intervention by providing certainty to the parties and the Court that DISH will be entitled to no further extensions for any reason if it does not acquire the spectrum on or before April 1, 2024.

The Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA" or "Tunney Act") does not require a notice-and-comment period prior to the Court's entry of the proposed AFJ. Prior to the entry of the original Final Judgment, the United States complied with the procedures of the Tunney Act and certified its compliance with the Court,[7] and the Court found the underlying Final Judgment to be in the public interest.[8] The proposed modifications do not alter the essence of the remedy contained in the original Final Judgment. Rather, the proposed modifications serve the purpose of the original Final Judgment by preserving DISH's position as

---

[7] Certificate of Compliance with Provisions of the Antitrust Procedures and Penalties Act, Dk. 44-2 (Nov. 8, 2019).

[8] *See generally* Memorandum Opinion, Dk. 86 (Apr. 1, 2020).

the first in line to acquire the spectrum while also expediting the auction process required under the Final Judgment should DISH ultimately decline the spectrum. Thus, no notice or public comment period is necessary for a determination that the proposed Amended PFJ is in the public interest. Accordingly, consistent with the recent practice in this District,[9] the United States does not propose to publish the proposed AFJ for notice and public comment.

Prompt entry of the Proposed Amended Final Judgment would further the public interest. It represents a reasonable compromise and will bring legal certainty to the process and deadlines applicable to T-Mobile's potential sale of the 800 MHz Spectrum Licenses. It clarifies the parties' contract rights and allows T-Mobile to explore potential alternatives while DISH decides whether to exercise its option, which may accelerate the ultimate sale of the licenses to another buyer if that becomes necessary. It provides an assurance to DISH that T-Mobile will not

---

[9] Courts in this district have modified final judgments without requiring a public notice and comment period. *See, e.g., United States v. CenturyLink, Inc.*, No. 1:17-cv-02028 (D.D.C. Feb. 22, 2022) (after uncontested findings of consent decree violation, amended Final Judgment extended certain prohibitions up to two years, provided for appointment of Monitoring Trustee, and incorporated then-new model enforcement provisions now standard in antitrust consent decrees); *United States v. Ticketmaster Entm't, Inc.*, No. 1:10-cv-00139, 2020 WL 1061445 (D.D.C. Jan. 28, 2020) (extending the term of the Final Judgment and adding language on retaliation conditioning); *United States v. Verizon Commc'ns, Inc.,* No. 1:08-cv-01878, 2011 WL 1882488 (D.D.C. Apr. 8, 2011) (extending the term of transition services agreements); *United States v. Cemex, S.A.B. de C.V.*, No. 1:07-cv-00640, 2007 WL 7315362 (D.D.C. Nov. 28, 2007) (substituting a 40-year lease of real property for a sale of that property); *United States v. Halliburton Co.*, No. 1:98-cv-2340, slip op. (D.D.C. Mar. 13, 2000) (substituting access to one test well for access to a different test well), available at https://www.justice.gov/atr/case-document/file/498246/download. Two courts outside of this district have further held that the Tunney Act is not applicable to judgment termination proceedings, suggesting that those courts would not view the Tunney Act as applicable to minor judgment modifications. *See, e.g., United States v. Am. Cyanamid Co.*, 719 F.2d 558, 565 n.7 (2d Cir. 1983); *United States v. General Motors Corp.*, 1983-2 Trade Cas. (CCH) ¶ 65,614, at ¶ 69,093 (N.D. Ill. 1983). *But see Western Elec.*, 900 F.2d at 289 (in which the parties voluntarily agreed to apply Tunney Act procedures to the modification at issue).

terminate the LPA before April 1, 2024, provided that DISH complies with its obligations going forward, and it eliminates the need for further litigation concerning the Final Judgment or the LPA. No party to the Final Judgment opposes this outcome.

## CONCLUSION

For the foregoing reasons, the Consent Motion to Modify Final Judgment should be granted, the Proposed Amended Final Judgment should be entered by the Court, and the pending motions should be denied as moot.

Dated: October 18, 2023                                        Respectfully submitted,

 /s/ Jared A. Hughes                                            /s/ David I. Gelfand
Jared A. Hughes                                                David I. Gelfand (D.C. Bar No. 416596)
Assistant Chief                                                Daniel P. Culley (D.C. Bar No. 988557)
Frederick S. Young (D.C. Bar No. 421285)                       Elsbeth Bennett (D.C. Bar No. 1021393)
Ashley Kaplan                                                  Cleary Gottlieb Steen & Hamilton LLP
Trial Attorneys                                                2112 Pennsylvania Avenue, NW
Antitrust Division                                             Washington, DC 20037
Media, Entertainment &                                         Telephone: (202) 974-1500
   Communications Section                                      Email:  dgelfand@cgsh.com
U.S. Department of Justice                                              dculley@cgsh.com
450 5th Street, N.W.                                                    ebennett@cgsh.com
Washington, DC 20530
Telephone: (202) 514-5621                                      *Counsel for T-Mobile US, Inc. and*
Email: Jared.Hughes@usdoj.gov                                  *Deutsche Telekom AG*
          Frederick.Young@usdoj.gov
          Ashley.Kaplan@usdoj.gov

*Counsel for the United States*


 /s/ Steven L. Holley
Steven L. Holley (*admitted pro hac vice*)
Bradley P. Smith (D.C. Bar No. 468060)
Sean P. Fulton (*admitted pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Email:  holleys@sullcrom.com
          smithbr@sullcrom.com
          fultons@sullcrom.com

Adam S. Paris (*admitted pro hac vice*)
Sullivan & Cromwell LLP
1888 Century Park East, 21st Floor
Los Angeles, CA 90067-1725
Telephone: (310) 712-6600
Email:  parisa@sullcrom.com

*Counsel for DISH Network Corporation*