**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEUTSCHE TELEKOM AG, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:19-cv-02232-TJK |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED**
**MOTION OF THE UNITED STATES TO APPOINT MONITORING TRUSTEE**

The United States respectfully submits this Memorandum in support of its motion for

entry of an order appointing Edward E. McNally, Esq., as Monitoring Trustee to succeed

Theodore W. Ullyot, Esq., who has submitted his resignation effective no later than April 18,

2025.  This motion is unopposed.

As detailed below, Mr. McNally is well-qualified to succeed Mr. Ullyot as Monitoring

Trustee.  Mr. McNally is a trial and appellate lawyer whose practice includes matters in the

antitrust, compliance, corporate governance, internal investigations, government relations,

commercial disputes, and litigation fields, including matters in the telecommunications,

technology, manufacturing, and retail sectors.  Mr. McNally has been working closely with the

Monitoring Trustee for almost five years, and his detailed knowledge of the monitor's overall

work to date will be invaluable in making this transition as smooth as possible.

To avoid any disruption in the important work of the Monitoring Trustee that may arise if

Mr. Ullyot were to depart his position before Mr. McNally's appointment is approved, the

United States respectfully requests that any order approving this appointment be entered on or before April 18, 2025. In the alternative, United States respectfully requests that any order approving his appointment entered after that date be entered *nunc pro tunc* to be effective as of April 18, 2025.

## I.     Background

The United States, joined by the states of Arkansas, Colorado, Florida, Kansas, Louisiana, Nebraska, Ohio, Oklahoma, South Dakota, and Texas filed a civil antitrust Complaint seeking to enjoin the proposed merger between T-Mobile US, Inc. ("T-Mobile") and Sprint Corporation ("Sprint").  Dkt. Nos. 1, 28, 45, 46, 47, and 50.  The Complaint alleges that the acquisition, as originally proposed, would have substantially lessened competition for retail mobile wireless services in the United States, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.  This loss of competition would likely have resulted in increased prices and less attractive service offerings for American consumers.

At the same time the Complaint was filed, the United States filed a proposed Final Judgment, which is designed to preserve competition by enabling the entry by DISH as another national facilities-based mobile wireless carrier. *See* Dkt. No. 20 (Competitive Impact Statement). The Court entered the proposed Final Judgment on April 1, 2020 (Dkt. No. 85; *see also* Dkt. Nos. 84 and 86), and after subsequent proceedings the Court entered the Amended Final Judgment on October 23, 2023 (Dkt. No. 139). The Amended Final Judgment is not due to expire until April 1, 2027 (*id.* at § XIX), and its relief includes continuing obligations to which T-Mobile and DISH must adhere until its expiration or termination.

The Amended Final Judgment also provides for appointment of a Monitoring Trustee,

who has "the power and authority to monitor Defendants' compliance" with the terms of the

Amended Final Judgment, and "such other powers as the Court deems appropriate." Dkt. No.

139 at § XII.B.  The United States filed an unopposed motion to appoint Mr. Ullyot as

Monitoring Trustee in December 2019 (Dkt. No. 51), and the Court appointed him by Minute

Order on January 10, 2020.  After more than five years of service as Monitoring Trustee, Mr.

Ullyot has submitted his resignation to become General Counsel of the National Football

League. Mr. Ullyot's resignation is effective no later than April 18, 2025. *See* Attachment 1.

Pursuant to the Section XII.A of the Amended Final Judgment, the United States has the

sole discretion, after consultation with the Plaintiff States, to propose a Monitoring Trustee for

appointment by this Court.  The Department has consulted with the Plaintiff States, and no state

objects to Mr. McNally's appointment.

## II.      The Monitoring Trustee's Role and Responsibilities

The Monitoring Trustee's broad responsibilities are set forth in Section XII of the

Amended Final Judgment, and the trustee is assigned specific responsibilities elsewhere in the

decree.  *See, e.g.,* Dkt. No. 139 at §§ IV.C and VII.A.  The Monitoring Trustee's duties include

investigating and reporting on Defendants' compliance with their responsibilities under the

Amended Final Judgment and their progress towards effectuating the purposes of that decree.  *Id.*

at § XII.B. The Amended Final Judgment provides for the Monitoring Trustee to hire, at the

Divesting Defendants' expense, agents, investment bankers, attorneys, accountants, or

consultants, who will be solely accountable to the Monitoring Trustee, that may be reasonably

necessary in the Monitoring Trustee's judgment. *Id.* at §§ XII.C, XII.E.  The Monitoring Trustee

shall file reports with the United States monthly, or more frequently as needed, setting forth

3

Defendants' efforts to comply with their obligations under the Amended Final Judgment. *Id.* at §
XII.H.

The Monitoring Trustee shall serve until the divestiture of all the Divestiture Assets is
finalized, until the Defendants complete their buildout requirements, until any Full MVNO
Agreement expires or otherwise terminates, or until the term of any transition services agreement
has expired, whichever is later. *Id.* at § XII.I. The Amended Final Judgment is due to expire on
April 1, 2027. *Id.* at § XIX.

### III.    Edward E. McNally's Qualifications to Serve as Monitoring Trustee

Mr. McNally is highly qualified to succeed Mr. Ullyot as Monitoring Trustee. Mr.
McNally has been working closely with the Monitoring Trustee team since shortly after the Final
Judgment was first entered by the Court. He has been directly responsible for leading specific
initiatives within the trustee's office, and as the most senior outside counsel on Mr. Ullyot's
team, he has been involved in or aware of the monitor's work. Mr. McNally is well known to T-
Mobile, DISH, and to the Department staff working on issues relating to this decree, and he
expects to continue to work with the outside consultants and law firms Mr. Ullyot retained to
advise him. Mr. McNally's detailed knowledge of the Monitoring Trustee's team and overall
work to date will be invaluable in making this transition as smooth as possible.

As a partner at the Kasowitz Benson Torres law firm, Mr. McNally's trial and appellate
practice includes matters in the antitrust, compliance, corporate governance, internal
investigations, government relations, commercial disputes, and litigation fields, including
matters in the telecommunications, technology, manufacturing, and retail sectors. He has had a
distinguished career in public service leading large legal organizations, including service as

4

United States Attorney for the Southern District of Illinois, as the Deputy Attorney General for the State of Alaska, as the District Attorney for Anchorage, and as the Senior Associate Counsel to the President and General Counsel for the Homeland Security Council in the White House.  A professional biography of Mr. McNally is attached as Attachment 2.

Mr. McNally has no conflicts of interest that would disqualify him from fulfilling his role as the Monitoring Trustee in this case.

### IV.    Conclusion

For the foregoing reasons, the United States respectfully requests that this Court approve the appointment of Edward E. McNally as Monitoring Trustee pursuant to the Amended Final Judgment. To avoid any disruption in the important work of the Monitoring Trustee that may arise should Mr. Ullyot depart his position before Mr. McNally's appointment is approved, the United States respectfully requests that any order approving this appointment be entered on or before April 18, 2025, or in the alternative, that any order entered after that date be entered *nunc pro tunc* to be effective as of April 18, 2025.

Dated: April 15, 2025                          Respectfully submitted,

/s/   *Frederick S. Young*
Frederick S. Young
D.C. Bar. No. 421285
Trial Attorney
Antitrust Division, U.S. Department of Justice
450 Fifth Street NW, Suite 7000
Washington, D.C. 20530
Telephone: (202) 725-2503

5